APEX TIRE AND RUBBER COMPANY, A CORPORATION, v. MERRITT TIRE COMPANY, INCORPORATED, A CORPORATION; J. H. MERRITT AND WIFE, JANE N. MERRITT; AND J. P. PUGH AND WIFE, SUE W. PUGH.

(Filed 12 April, 1967.)

1. **Evidence § 42—**

   Where an expert testifies from his personal examination of the material sold by plaintiff and from tests run by the witness on the material just as it came from plaintiff, the facts testified to by such expert are based upon his personal knowledge and he may testify directly as to his opinion as to defects in the material, and is not restricted to testimony upon hypothetical questions as to such defects.

2. **Evidence § 43—**

   Where a court permits an expert to testify within the field of his competency as an expert, it will be assumed that the court found the witness to be an expert in such field, and the failure of the court to make a specific finding that the witness is an expert is not fatal.

3. **Same—**

   Even though the court states that he will not grant the request of the party that his witness be heard as an expert, the fact that the court thereafter permits the witness to testify fully within the field of his competency, amounts to a holding by the court that the witness is an expert in such field, and the prior statement of the court is not prejudicial.

**4. Appeal and Error § 20—**

   When the court's limitation of the amount of damages is technically inexact in unduly restricting the purchaser's recovery, such technical error cannot be prejudicial to the seller, and, the purchaser not having appealed, the seller may not complain.

APPEAL by plaintiff from *McLean, J.,* September 19, 1966 Schedule B Jury Session, MECKLENBURG Superior Court.

The plaintiff, a corporation, instituted this civil action to recover from the corporate defendant and from the individual defendants, guarantors, the sum of $1500, balance due on account for tire recapping rubber sold and delivered to the defendant corporation.

The corporate defendant, by answer to the amended complaint, alleged it received from the plaintiff 15,606 lbs. of recapping rubber which the plaintiff knew the defendant intended to use in recapping automobile and truck tires for its customers. The defendant, after using 10,469 lbs. of the rubber, discovered the same was defective and worthless as recapping material. After the discovery, the defendant returned to the plaintiff the unused portion of the rubber, amounting to 5,137 lbs. and received credit for $1,695.24 on the account. In the meantime, the defendant had paid on the account the sum of $1,910.41. The defendant refused the plaintiff's demand to pay the remaining $1500 claimed by the plaintiff.

As a further defense and counterclaim, the defendant alleged: (1) the plaintiff knew the purpose for which the material was bought and intended to be used and warranted it as suitable for that use. The material was actually worthless. The difference in value of the material as represented and as delivered was $3,410.41; (2) the plaintiff, knowing of the intended use the parties had in contemplation, such damages as the use in recapping would obligate the defendant to pay in order to make good its customers' damages. The evidence disclosed the defendant used the material in recapping 650 automobile and 150 truck tires. The defendant's customers returned 370 automobile and 77 truck tires as defective and on these claims the defendant paid, in cash, $2,620. The individual defendants, by separate answer, admitted they executed a guarantee to pay defendant's account to the plaintiff, but that by reason of the defects, nothing was due.

The parties stipulated the plaintiff sold to the corporate defendant recapping rubber for $5,105.65; that defendant paid the plaintiff $1,910.41 in cash and returned rubber and received credit for $1,695.24, leaving a balance of $1500 on the original bill. By this action the plaintiff seeks to recover judgment for $1500, contending that nothing is due on the counterclaim. The parties further stipulated that

only two issues should be submitted to the jury; (1) was the material furnished to the defendant wholly unsuitable for recapping tires as represented by the plaintiff; (2) if so, what amount, if any, is the defendant entitled to recover?

The defendant's evidence on the counterclaim tended to show and was sufficient to support the finding that defendant used the product bought from the plaintiff in recapping 650 automobile and 150 truck tires, but that 370 automobile and 77 truck tires were returned as defective and had to be replaced by the defendant at a cost of $2620. The defendant's witness, Paul Pugh, experienced in the use of recapping automobile and truck tires, testified that he examined the material sold by the plaintiff to the defendant, which consisted of tread stock to which was attached a layer of cushion gum which, when applied to the carcass of the tire, bonded the tread stock to the carcass. The defects which developed by use of the tires were caused by the separation of the gum cushion from the tread stock. This joinder or attachment had been made by the plaintiff before delivery.

The defendant's witness, Alvy, who had 19 years of experience with Oliver Rubber Company and at the time was an employee of the plaintiff, ran tests in the defendant's recapping plant and testified: "The ethics of recapping (in the defendant's shop) were pretty good." He testified the cushion gum would not separate from the tread when put on right. In his opinion the separation of the cushion gum from the tread resulted from the incompatability of the cushion gum and the tread stock.

The plaintiff's employee and witness, John C. Bolt, Jr., testified in his opinion the separation of the cushion gum from the tread was caused by improper heat in the defendant's shop during the recapping process.

The jury answered the first issue YES and in answering the second issue, fixed the defendant's damages at $2620. The parties, having stipulated that plaintiff was entitled to a credit of $1500 on any amount awarded on the counterclaim, the Court entered judgment on the counterclaim for $1120. The plaintiff excepted and appealed.

*Clayton, Lane and Helms by H. Parks Helms, for plaintiff appellant.*

*Ruff, Perry, Bond, Cobb & Wade by Wm. H. McNair, for defendant appellees.*

HIGGINS, J. The plaintiff, as ground for a new trial, places its reliance on two assignments of error: (1)(a) Without finding them

qualified as experts, the Court permitted the defendant's witnesses Pugh and Alvy to testify that the defects in the recapping resulted from the separation of the gum cushion from the tread stock and not from a separation of the gum cushion from the carcass; and (b) the Court's failure to find the plaintiff's witness Bolt to be an expert. (2) The Court gave erroneous instructions as to the measure of damages.

The defendant's witnesses Pugh and Alvy were shown to have had long experience in the sale and the use of materials in recapping motor vehicle tires. They ran tests using the defendant's equipment and the materials bought from plaintiff. While the Court did not specifically find they were experts and able to testify as such, nevertheless the Court permitted them to testify as to the tests they ran and to express opinions as to the cause of the failures which developed. The admission of testimony is the subject of plaintiff's Assignment of Error No. 1.

In discussing the evidence of the witnesses Pugh and Alvy, it should be remembered they had examined the material as it came from the plaintiff's plant; they ran tests using defendant's equipment and the material just as it came from the plaintiff. They were not answering hypothetical questions but testifying as to the results of these tests. Their experience was such as to qualify them to run the tests, and to testify as to the results. "When facts upon which an expert bases his opinion are within his own knowledge he 'will be permitted to testify directly as to what in his opinion caused a particular occurrence or condition, and is not restricted, as in case of answers to hypothetical questions, to stating what might or could have caused it.' " *Service Co. v. Sales Co.,* 259 N.C. 400, 131 S.E. 2d 9, and 38 A.L.R. 2d, Opinion Evidence, Page 39. The Court, over objection, permitted the witness to testify, giving his findings and conclusions. Implicit in this admission is a holding the witness was qualified to express the opinion. "(T)he rule with us is that the failure of a trial judge to specifically find that a witness is an expert before allowing him to give expert testimony will not sustain a general objection to his opinion evidence . . . if there is evidence in the record upon which the court could have based the finding . . . it will be assumed that the court found the witness to be an expert. . . ." *Teague v. Duke Power Co.,* 258 N.C. 759, 129 S.E. 2d 507. The Court did not commit error by permitting the witnesses to testify in the manner disclosed by the record.

The plaintiff offered John C. Bolt, Jr. as a witness. He testified that for the past 4 years he had been employed by the plaintiff as supervisor of its "sales and business in the southern region". He described in detail the process employed by the plaintiff in the fab-

rication of its tread stock and method of attaching the cushion gum thereto. He had experience in recapping. Plaintiff's counsel made this request of the Court: "I'd like to tender this man as an expert witness." The Court replied: "No sir, it is a matter for the jury to decide what credit they will give to his testimony." Counsel moved the Court to declare the witness to be an expert without limitation as to the field of his expert knowledge. The Court denied the motion. However, the Court permitted the witness to testify in great detail about the materials and techniques involved in recapping, including the various steps in preparing the materials. He gave as his opinion the separation of the tread stock from the gum cushion resulted from overheating or uneven heating in the recapping process and that this took place in the defendant's plant. While the Court did not announce its finding the witness was an expert (without limitation as to field), nevertheless the witness was permitted to run the entire scale of materials and steps in the recapping process and gave his opinion as to the cause of the defects which developed. By admitting the evidence, the Court held in effect that the witness was an expert in the field covered by his testimony. Such is the holding in *Teague v. Duke Power Co., supra.* That case is authority applicable both to the plaintiff's and the defendant's expert testimony. The Court permitted the witnesses for both parties to testify upon equal terms. Nothing was excluded.

Finally, the plaintiff finds fault with the Court's charge on the measure of damages. Ordinarily, the measure of damages in breach of warranty cases is the difference in the value of the article as warranted and as actually delivered.

The defendant, on the counterclaim, alleged (1) it agreed to pay $3,410.41 for the materials which were actually worthless and it is entitled to judgment for that amount, plus interest; (2) as special or consequential damages, defendant is entitled to recover $2,620 actually returned to its customers by reason of the defects which developed in the recapped tires. In this case, however, the defendant actually bought and retained recapping materials for 650 automobile tires and 150 truck tires. Before the defects developed the defendant paid $1,910.41 on the account. After the defects developed a part of the material was returned to the plaintiff and the defendant's account credited, leaving a balance of $1500 unpaid. Defects developed in 370 of the automobile tires and 77 of the truck tires. The defendant was actually required to expend the sum of $2,620 to make good these defects. Whether the other 290 automobile tires and 73 truck tires were defective is not disclosed. Further complaints may or may not come in as to them. "For a breach of contract the injured party is entitled as compensation therefor to be

placed, insofar as this can be done by money, in the same position he would have occupied if the contract had been performed." *Service Co. v. Sales Co., supra; Tillis v. Cotton Mills, Inc.,* 251 N.C. 359, 111 S.E. 2d 606. Judge McLean seems to have concluded the defendant may not recover more than his consequential damages and actual loss in paying refunds, and instructed the jury it could not award more than $2,620 on the counterclaim. The Court gave the instruction that if the jury answered the second issue, the answer could in no event exceed $2,620.

The Court's limitation of recovery to the loss resulting from the defects in 370 automobile tires and 77 truck tires does not take into account any additional losses which may yet show up in other tires. Conceding the charge on the measure of damages on the counterclaim was not exactly in accordance with the proper rules, in that it limited defendant's recovery to its actual out-of-pocket expenses paid on refunds, nevertheless the limitation on recovery is not shown to be prejudicial to the plaintiff. The defendant, not having appealed, cannot complain. Prejudice to the appellant is not shown. Technical error is not sufficient. It must be shown to be harmful to the appellant. *Dinkins v. Booe,* 252 N.C. 731, 114 S.E. 2d 672; *Ray v. Membership Corp.,* 252 N.C. 380, 113 S.E. 2d 806.

After careful review, we conclude error prejudicial to the defendant is not shown.

No error.