STATE OF NORTH CAROLINA v. W. D. CURRIE

No. 8016SC1161

(Filed 18 August 1981)

**1. Larceny § 7— larceny of tobacco and trailer—no consent of owner**

  In a prosecution of defendant for felonious larceny of tobacco and a trailer, evidence was sufficient for the jury to conclude that the tobacco and trailer were taken without the consent of the owner or either of two bailees.

**2. Criminal Law § 34.1— defendant's guilt of other offense—evidence inadmissible**

  In a prosecution of defendant for felonious larceny of a trailer and tobacco, the trial court erred in admitting testimony tending to show that defendant was guilty of insurance fraud, since the testimony had no relevancy except to show the character of the accused.

APPEAL by defendant from *Mills, Judge.* Judgment entered 1 April 1980 in Superior Court, ROBESON County. Heard in the Court of Appeals 7 April 1981.

Defendant and several other people were charged with the felonious larceny of 42,420 pounds of tobacco having a value of $44,822.00 and of a mobile trailer valued at $8,000.00. His case was consolidated for trial with co-defendants David Brock and Larry Babson.

Evidence at trial tended to show that on 11 August 1979 the defendant, Larry Babson, and Jerry Price took a load of tobacco and the trailer upon which it was loaded from a truck stop in Lumberton known as the "74 Truck Stop." The load of tobacco was removed from the truck stop by use of a truck owned by David Brock. The tobacco was owned by R. J. Reynolds Tobacco Company which had contracted with Bailor & Burton Lines, Inc., who in turn subleased for the transportation of the tobacco with H & J Harvester. H & J Harvester had possession of the tobacco at the time it was taken.

Alvin Hynes, who is a partner in H & J Harvester, testified that his firm was to deliver the tobacco to Davie County Storage in Davie County for R. J. Reynolds. He testified that it was parked at the 74 Truck Stop at his direction and that on 11 August 1979, he instructed his driver to deliver the load to Davie County. On Sunday, 12 August 1979, when Mr. Hynes saw the truck was

not at the truck stop, he assumed the load of tobacco had gone to Davie County as he had directed. The first time he had information "that the trailer load of tobacco had been taken by someone other than [his] driver was Monday morning." Marvin Pruitt, a manager with Burton Lines, Inc., testified that the load of tobacco did not reach its Davie County destination and that his company was "later presented a claim from R. J. Reynolds Tobacco Company for the load of tobacco."

Benjamin Foust pled guilty to the same crime with which the defendant was charged and testified for the State that the defendant contacted him on 11 August 1979 and told him he expected a load of tobacco that night; that the negotiated price was $.90 per pound; and that on 12 August 1979 a load of tobacco was delivered to the home of Mr. Foust's son. Mr. Foust testified that, as he unloaded the tobacco, he noticed R. J. Reynold's tags on the tobacco and that he pulled the tags off and burned them.

From a verdict of guilty as charged and a sentence imposed, defendant has appealed.

*Attorney General Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Merriman, Nicholls and Dombalis, by Nicholas J. Dombalis, II, for defendant appellant.*

WEBB, Judge.

[1] The defendant assigns as error the denial of his motion to dismiss. He contends the State did not prove each element of the crime because the State did not have direct testimony that the property was taken without the consent of the owner. Without discussing the evidence in detail we hold there was substantial evidence from which the jury could conclude that the trailer and the tobacco were taken without the consent of the owner or either of the two bailees.

[2] The defendant also assigns error to testimony elicited by the State from J. H. Pike. Mr. Pike had been indicted for the crime for which the defendant was being tried. He pled guilty and testified for the State. On direct examination Mr. Pike testified over the objection of the defendant as follows:

"Q. What did Mr. Currie tell you concerning that truck Mr. Foust got?

\* \* \*

A. He said whoever owned the truck had got behind with some payments, and they had to get shove of it, get shed of it, to make some payments on other trucks.

\* \* \*

Q. In your conversation before, and the remarks Mr. Currie made to you about the stolen Brock truck, was anything mentioned about insurance?

\* \* \*

A. Yes, sir.

Q. What was said?

\* \* \*

A. He said the man was behind with some payments, and he had to have some quick money.

Q. All right; so, what did he say about insurance, if anything?

\* \* \*

A. Let's see, we had to give $3,000 or $4,000 for it, that was the first quick money. The next, I guess, was getting the insurance as far as I know.

Q. Well, did Mr. Currie say anything about insurance?

\* \* \*

A. He said he could collect insurance."

The defendant contends this testimony tended to prove the defendant was guilty of insurance fraud, a crime unrelated to the crime for which he was being tried. We believe this assignment of error has merit. We do not believe this testimony had any relevancy except to show the character of the accused and it was error not to sustain the objections of the defendant. *See* 1 Stansbury's N.C. Evidence § 91 (Brandis rev. 1973) and *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). We cannot say that

the admission of this testimony was harmless to the defendant beyond a reasonable doubt, and we hold there must be a new trial.

The State contends the defendant had opened the door to this testimony by the defendant's cross-examination of Benjamin Foust, a witness for the State. Mr. Foust pled guilty to the crime for which the defendant was charged and testified for the State. On cross-examination by the defendant's attorney he stated that he had seen the defendant when he looked at the truck at the 74 Truck Stop. We do not believe this opened the door for testimony as to an insurance fraud. The State also contends that on cross-examination of Mr. Foust by the attorney for David Brock, testimony was given which entitled the State to question Mr. Pike as it did. During the cross-examination of Foust by Brock's attorney, Mr. Currie's name was not mentioned. There were some questions about a truck but no mention was made of insurance fraud. If a co-defendant's counsel by cross-examination could open the door to testimony against Mr. Currie, it was not done in this case.

We do not discuss the defendant's other assignments of error as they may not recur at a new trial.

New trial.

Judges HEDRICK and ARNOLD concur.