STATE OF NORTH CAROLINA v. CURTIS WAYNE ALLEY

No. 819SC557

(Filed 17 November 1981)

**Criminal Law § 34.1— evidence of prior, non-criminal fires—inadmissibility**

In a prosecution for procuring another to burn a building used for trade, the trial court erred in permitting the prosecutor to cross-examine defendant and defendant's wife about a number of prior fires which had damaged cars, trucks, trailers and a store owned by defendant where there was no evidence that any of the prior fires had been deliberately set or that they were criminal in nature.

APPEAL by defendant from *Battle, Judge.* Judgment and commitment entered on the verdict 15 January 1981. Heard in the Court of Appeals 11 November 1981.

Defendant was indicted and tried on consolidated charges of soliciting and enticing another to commit murder, soliciting and enticing another to burn a building used for trade, procuring another to burn a dwelling, and procuring another to burn a building used for trade. Verdicts of not guilty were returned as to the first two charges. The jury was unable to reach a verdict on the charge of procuring another to burn a dwelling, and a mistrial was declared as to that count. From judgment and an active sentence imposed on the jury's verdict of guilty on the charge of procuring another to burn a building used for trade, defendant appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General David Gordon, for the State.*

*Adam Stein and Ann Peterson, Appellate Defenders, for defendant-appellant.*

WELLS, Judge.

Defendant brings forth assignments of error relating to the trial court's admission, over defendant's objection, evidence of previous, unrelated, non-criminal fires which caused property damage to defendant's real and personal property. We find error in the trial and reverse.

The District Attorney questioned both defendant's wife and defendant on cross-examination as to a number of previous, apparently non-criminal fires which had damaged defendant's real and personal property.

On cross-examination, the district attorney questioned defendant's wife as follows:

Q. And what happened to this trailer?

MS. LOFLIN: Objection, your Honor.

COURT: Overruled.

A. It burned.

Q. It what?

A. It burned.

. . .

Q. And the trailer that you were living in when you came back from Richmond, is that the one that burned?

A. Yes.

Q. Did you ever live on any other trailer at that site?

A. On the same farm; not in the same particular spot.

Q. And what happened to that trailer?

MS. LOFLIN: Objection.

COURT: Overruled.

A. It burned.

Q. And in February of, 16th, 1979, was there a fire down at the store there as well?

A. The only fire I know of at the store happened in December. That's the only time the fire department was called.

Q. Didn't you have a fire on February 16th, 1979, at the store?

A. Not to my knowledge.

Q. You don't deny it?

MS. LOFLIN: Objection.

COURT: Well, sustained.

. . .

Q. Well, don't you know whether or not your husband had a truck in February of, 19th, 1972, that burned?

MS. LOFLIN: Objection.

COURT: 19 what?

Q. 1972.

MS. LOFLIN: Objection.

COURT: Objection sustained.

Q. Did your husband have a 1972, two-door Pontiac that burned February 19th, 1979?

MS. LOFLIN: Objection.

COURT: Overruled.

Q. Did you understand the date?

A. February of 1979?

Q. February 5, 1979, did your husband own a 1972 Pontiac automobile?

A. Yes.

Q. What happened to that?

MS. LOFLIN: Objection.

COURT: Overruled.

A. It caught fire and burned up.

The District Attorney was also permitted to ask defendant, over defendant's objections, similar questions regarding earlier fires.

Q. How many automobiles have you lost by fire?

MS. LOFLIN: Objection.

COURT: Overruled.

A. I don't know; two or three.

Q. How many trucks have you lost by fire?

MS. LOFLIN: Objection.

COURT: Overruled.

A. One, I think.

Q. Lost two, haven't you?

A. Might have been. If you got a record that says I have, I have.

Q. And how many trailers have you lost by fire?

MS. LOFLIN: Objection.

COURT: Overruled.

A. Two.

Q. Haven't you lost three trailers by fire?

MS. LOFLIN: Objection.

COURT: Overruled.

A. No, I lost two and had fire damage done to one. . . .

To be relevant, evidence must have some logical tendency to prove a fact at issue in the case. 1 Stansbury's North Carolina Evidence, § 77 (Brandis Rev. 1973). Evidence of a set of circumstances unrelated to those at issue in a case is irrelevant

because it has no value in proving facts in issue; it also may confuse, mislead or prejudice the jury. 6 Strong's N.C. Index 3d, Evidence, § 15.1. In the present case, no evidence was adduced showing that any of the previous fires had been deliberately set, or that they were criminal in nature. No evidence indicated that charges were ever brought or convictions entered against either defendant or defendant's wife for any of the previous burnings. The prior fires were too vaguely described to have any relevance to the charge for which defendant was being tried except to create a prejudicial inference that the fires occurred because of defendant's unlawful conduct.

It is well settled in North Carolina that evidence of other crimes, offenses, or circumstances is inadmissible if its only relevance is to show the character of defendant or his disposition to commit an offense of the nature of the one charged. 1 Stansbury, supra, § 91, *State v. Tate,* 294 N.C. 189, 239 S.E. 2d 821 (1977), *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954). There are exceptions to this rule, however, which allow admission of evidence of other crimes if the evidence tends to prove knowledge, intent, motive, plan, identity, connected crimes, or sex offenses. 1 Stansbury, supra, § 92, *State v. McClain,* supra, *State v. King,* 301 N.C. 186, 270 S.E. 2d 98 (1980). None of the exceptions apply to these facts.

Neither were the previous, unrelated fires about which the district attorney questioned defendant and defendant's wife evidence of criminal offenses or other "bad acts", which could be used to impeach defendant's credibility. 1 Stansbury, supra, § 112, *State v. Wright,* 282 N.C. 364, 192 S.E. 2d 818 (1972), *State v. Smith,* 294 N.C. 365, 241 S.E. 2d 674 (1978). The only logical relevance the excepted-to evidence had was to infer defendant's disposition to set fires to his property, and this is not a permissible tendency. *See State v. Currie,* 53 N.C. App. 485, 281 S.E. 2d 66 (1981). Because of the inevitable prejudice resulting from the erroneous admission of this evidence, this case must be reversed. Defendant is hereby granted a

New trial.

Judges MARTIN (Robert M.) and WEBB concur.