THE SHELBY MUTUAL INSURANCE COMPANY OF SHELBY, OHIO v. DUAL
STATE CONSTRUCTION COMPANY

No. 8420SC1086

(Filed 18 June 1985)

### 1. Insurance § 136— fire insurance—evidence of other fires

In a declaratory judgment action by plaintiff insurance company to deter-
mine its liabilities under a fire insurance policy issued to defendant, the trial
court did not err in permitting plaintiff to cross-examine defendant's president
and sole stockholder about prior fires which had damaged other property
belonging to him. Although the consideration of such evidence was limited by
the trial court to the issue of the stockholder's credibility, testimony elicited
about prior fires allegedly resulting from incendiary origins and in the collec-
tion of insurance proceeds was relevant on the question of intentional burning.

### 2. Insurance § 121— fire insurance—fire caused by insured—sufficiency of evi-
dence

The evidence was sufficient to support a jury finding that defendant's sole
stockholder caused the burning of defendant's property where it tended to
show: prior fires had damaged other property belonging to the stockholder;
only the stockholder and his secretary had keys to the building that burned,
and there was no evidence of forced entry to the building; a witness testified
that he burned the building at the request of the stockholder's cousin so that
the stockholder could collect the insurance proceeds; defendant's business
showed a net loss of $4,215 for the prior year, and the company's liabilities at
the time of the fire were listed as $785,201; the stockholder owed defendant
$77,977 and bank records indicated that 158 checks were returned for insuffi-
cient funds during the eighteen months prior to the fire; at the time of the
fire, the stockholder had started a new business and was attempting to liqui-
date defendant corporation; and the stockholder was separated from his wife
at the time of the fire and had a child support obligation of $1,600 per month.

APPEAL by defendant from *Wood (William Z.), Judge.* Judg-
ment entered 10 May 1984 in Superior Court, RICHMOND County.
Heard in the Court of Appeals 10 May 1985.

This is a declaratory judgment action in which plaintiff, Shel-
by Mutual Insurance Company of Shelby, Ohio, seeks to establish
its rights, duties and liabilities under a fire insurance policy
issued by it to defendant, Dual State Construction Company, as a
result of a fire occurring at defendant's premises in October, 1981.

At trial one issue was submitted to the jury:

Did William Forest Taylor, the President and sole stock-
holder of the defendant, Dual State Construction Company,

cause the burning of its property on or about October 4, 1981?

The jury answered this issue "yes." The trial court then entered judgment finding and concluding that plaintiff is not indebted or obligated to defendant for any loss resulting from the fire which occurred on or about October 4, 1981. Defendant appeals.

*Yates, Fleishman, McLamb and Weyher, by Joseph W. Yates, III, and Barbara B. Weyher, for plaintiff-appellee.*

*Johnson and Lambeth, by Robert White Johnson, for defendant-appellant.*

EAGLES, Judge.

[1] Defendant's sole assignment of error is whether the trial court erred in denying defendant's *motion in limine* and in allowing plaintiff to cross examine the president and sole stockholder of defendant with respect to previous fires at other locations owned or operated by him. We find no error.

Citing *State v. Alley*, 54 N.C. App. 647, 284 S.E. 2d 215 (1981), a criminal arson case, defendant argues that it was reversible error to allow plaintiff to cross examine defendant's president and sole stockholder, Mr. William F. Taylor, about prior fires which had damaged other property belonging to him. We disagree. Defendant's reliance on *State v. Alley, supra*, is misplaced. *Alley* involves the more strict standards applicable in a criminal arson case and does not govern civil cases. *See, Yassoo Enterprises, Inc. v. North Carolina Joint Underwriting Association*, 73 N.C. App. 52, 325 S.E. 2d 677 (1985).

The record reveals that a *voir dire* was conducted concerning the proposed questioning of Mr. Taylor about prior fires. Howard C. Burgin, Special Agent of the Federal Bureau of Investigation, testified that shortly after the fire which is the subject of this action, Mr. Taylor told him that he had experienced three previous fires. Mr. Taylor also told Agent Burgin that he had not experienced any other fires on property owned by him. Agent Burgin testified on *voir dire* about the circumstances surrounding two of the previous fires. According to agent Burgin's testimony, Mr. Taylor owned a residence which burned three times in one weekend (the last fire causing a total loss of the residence) and that

the fires occurred as a result of arson. Another fire occurred at an "In and Out" convenience store in which Mr. Taylor allegedly had an interest. Agent Burgin testified that he was informed that a relative of Mr. Taylor was found at the scene of the fire along with gasoline in plastic jugs and that the fire was determined to be of incendiary origin.

At the close of the *voir dire*, the trial court ruled that Mr. Taylor could be cross examined concerning the previous fires but that other evidence of the previous fires would be excluded. The trial court then instructed the jury that they could consider the testimony of Mr. Taylor concerning previous fires elicited on cross examination only for the purpose of determining whether Mr. Taylor was telling the truth.

Mr. Taylor subsequently testified he was paid roughly half the value of the residence by the insurance company and that the insurance company only paid for the contents of the store building. Mr. Taylor further testified that instead of three fires, he had experienced five fires and that he had "forgotten" about two other fires when he was interviewed by Agent Burgin. Mr. Taylor on cross examination denied that his residence had burned three times in one weekend and denied that any of his relatives or gasoline cans were found at the "In and Out" store.

To establish an intentional burning by an insured as a defense to recovery on a fire insurance policy, the insurer must prove that the property was intentionally burned and that the insured participated directly or indirectly in its burning. Among the circumstances which a jury may consider in determining whether the insurer has met its burden of proof include evidence of any previous fires where the insured collected insurance benefits, incendiary origin of the previous fires and prior attempts by the insured to procure someone to burn property. *Freeman v. St. Paul Fire and Marine Insurance Co.*, 72 N.C. App. 292, 324 S.E. 2d 307 (1985). Accordingly, the testimony elicited from Mr. Taylor about his previous fires which allegedly resulted from incendiary origins and which resulted in the collection of insurance proceeds was relevant and could have been considered by the jury as some evidence tending to show intentional burning. Here, however, the trial court limited the jury's use of that evidence to the issue of Mr. Taylor's credibility. For these reasons, defendant shows no prejudice by the admission of testimony concerning prior fires.

[2]  In addition to the testimony elicited from Mr. Taylor concerning prior fires, there was evidence which tends to show that Mr. Taylor was the president and sole stockholder of defendant corporation at all relevant times. There were only two keys to the building that burned—Mr. Taylor's and his secretary's. On the day of the fire, the secretary was the last person known to leave the building. She locked it when she left. The investigation revealed that there had been no evidence of forced entry to the building.

James Everett Bass testified that he burned the building at the request of Mr. Taylor's cousin so that Mr. Taylor could collect the insurance proceeds. Bass testified that he was to be paid $500.00 for burning the building.

Mr. Taylor testified that defendant's business had declined in the year preceding the fire and that the company showed a net loss of $4,215 for the fiscal year ending 31 March 1981. The company's liabilities at the time of the fire were listed at $785,201.

Defendant's 1981 income tax return indicated that Mr. Taylor owed the company $77,977 and bank records indicated that 158 checks were returned for insufficient funds between April of 1980 and October 1981.

At the time of the fire, Mr. Taylor had started a new business and was attempting to liquidate defendant corporation. He had attempted to sell the building in question for $75,000 but had not received an offer in that amount. Additionally, Mr. Taylor was separated from his wife at the time of the fire and had a child support obligation of $1,600 per month.

The foregoing circumstantial evidence when taken together was sufficient to permit a jury to reasonably infer that Mr. Taylor caused the fire. *Freeman v. St. Paul Fire and Marine Insurance Co., supra.*

Accordingly, we find

No error.

Judges BECTON and PHILLIPS concur.