STATE OF NORTH CAROLINA v. WILLIE EUGENE ALEXANDER

No. 6926SC216

(Filed 30 April 1969)

1. **Criminal Law § 113— the instructions — review of voir dire testimony as to probable cause of arrest**

   Instructions of trial court which inadvertently reviewed the *voir dire* testimony of a police officer concerning the probable cause for his arrest of defendant without a warrant, which testimony was given in the absence of the jury and consisted of accusatory statements made by persons not witnesses in the trial, *held* prejudicial to defendant.

2. **Criminal Law § 168— the instructions — prejudicial error — statement of fact not in evidence**

   A statement in the instructions of a material fact not contained in the evidence constitutes reversible error.

APPEAL by defendant from *Falls, J.,* 2 December 1968 Schedule A Session, MECKLENBURG Superior Court.

Defendant was found guilty by a jury in case No. 68-CR-412 of a felonious breaking and entering, and in case No. 68-CR-413 of the felony of uttering a forged check. From judgments of confinement defendant appealed, assigning errors.

*Robert Morgan, Attorney General, by T. Buie Costen, Staff Attorney, for the State.*

*Nivens & Brown, by Calvin L. Brown, for the defendant.*

BROCK, J.

[1] During the course of the trial the arresting officer was examined in the absence of the jury concerning probable cause for his

arrest of defendant without a warrant. Upon this *voir dire* considerable testimony was admitted which was appropriate for the purposes for which admitted; and this evidence on *voir dire* was properly not allowed before the jury. Nevertheless, the trial judge, in his charge to the jury, inadvertently reviewed this *voir dire* testimony.

Unquestionably, the accusatory and identifying statements made to the arresting officer by persons who assisted the officer in finding and identifying the defendant, which persons were not witnesses in defendant's trial, were prejudicial to the defendant in both cases.

[2]    When the trial judge, in his charge to the jury, makes an inaccurate statement of facts contained in the evidence, this inaccuracy should be called to his attention during or at the conclusion of the charge in order that the error might be corrected. But a statement of a material fact not contained in the evidence constitutes reversible error. *State v. McCoy*, 236 N.C. 121, 71 S.E. 2d 921.

There are other assignments of error, but we refrain from discussing them because they probably will not arise upon a new trial.

New trial in both cases.

CAMPBELL and MORRIS, JJ., concur.