STATE OF NORTH CAROLINA v. JOHNNY STEVEN TURNER

No. 7420SC280

(Filed 20 March 1974)

**Criminal Law § 113— instruction as to voir dire testimony — error**

In a prosecution for possession of marijuana with intent to distribute, the trial court erred in instructing the jury with respect to the arresting officer's *voir dire* testimony concerning probable cause for defendant's arrest and search of his car without a warrant, since that testimony was not contained in the evidence and would not have been admissible had it been offered before the jury.

ON *Certiorari* to review judgment of *Falls, Judge,* 22 March 1973 Session of Superior Court held in STANLY County.

The jury found defendant guilty of unlawful possession of marijuana with intent to distribute. To review the judgment entered on the verdict, this Court granted his petition for certiorari.

*Attorney General Robert Morgan by Associate Attorney John R. Morgan for the State.*

*Chambers, Stein, Ferguson & Lanning by Charles L. Becton for defendant appellant.*

PARKER, Judge.

In the absence of the jury the arresting officer testified concerning probable cause for his arrest of defendant and search of defendant's car without a warrant. During this voir dire examination the officer testified that he had received information from a confidential informant that defendant "was bringing marijuana to the Norwood area on weekends," that the informant stated that defendant "drove a dark green foreign car with a Chapel Hill city tag on the front of it," and that on the 28th of October 1972 he received information "that a car had arrived at the Capel house with a load of marijuana." The arresting officer also testified before the jury, but he did not

---

testify concerning any of the foregoing except that he was "familiar with the green 4-door Volvo, bearing a Chapel Hill city tag on the front," which was regularly used by the defendant.

While charging the jury concerning the arresting officer's testimony, the trial judge instructed them that the officer had testified:

"[T]hat he had had some information concerning a Volvo automobile with a Chapel Hill license plate on the front of it coming into the Norwood area with marijuana in it; that on the date of the 28th that he had some information that a car was coming in there on that evening with some marijuana."

Appellant's assignment of error to this instruction must be sustained. Not only did the trial judge state material facts not contained in the evidence, which constitutes reversible error, *State v. Alexander*, 4 N.C. App. 513, 167 S.E. 2d 37, but he recited evidence which, though admissible for purposes of the voir dire examination, would not have been admissible had it been offered before the jury.

Other assignments of error appear to have merit, but we refrain from discussing them because the questions presented may not arise upon a new trial. For the error noted, defendant is entitled to a

New trial.

Judges BRITT and VAUGHN concur.