STATE OF NORTH CAROLINA v. SHARON JOHNSTON BRACKETT

No. 68A82

(Filed 2 June 1982)

**Arson and Other Burnings § 4.2— wantonly and willfully burning dwelling house— sufficiency of evidence**

    The trial court erred in denying defendant's motion to dismiss the charge of wantonly and willfully burning her dwelling house, in violation of G.S. 14-65, at the close of all the evidence since there was no substantial evidence of willfulness and wantonness. Defendant's house was located on a large lot and the fire did not endanger other homes, defendant herself reported the fire, and she was alone at her home when the fire started.

ON appeal of right from the decision of the Court of Appeals, 55 N.C. App. 410, 285 S.E. 2d 852 (1982), one judge dissenting, finding no error in defendant's trial for and conviction of willfully and wantonly setting fire to and burning her own dwelling house. The trial was held before *Sitton, Judge,* at the 27 October 1980 Criminal Session of Superior Court, MECKLENBURG County.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Paul L. Pawlowski for defendant-appellant.*

CARLTON, Justice.

I.

Defendant was charged in an indictment proper in form with wantonly and willfully burning her dwelling house, a violation of G.S. 14-65. At trial the State's evidence tended to show that on the evening of 6 May 1980, defendant was seen leaving her home and hurriedly driving away. A few minutes later, smoke and flames were seen coming from the dwelling. The fire was reported and quickly extinguished. Defendant came to the dwelling while the firefighters were still on the scene. Her right foot was slightly burned and the legs of her pants were melted and scorched. Investigations conducted after the fire revealed it to be of incendiary origin and tests performed on several samples of burned items from the home indicated the presence of gasoline. A burn pattern on the living room carpet tended to show that a flammable substance had been poured on the carpet in a circular configuration and had subsequently caught fire.

The State also introduced evidence that defendant's home had been appraised at $4,170 in 1974 for property tax purposes and had been insured in January of 1980 for $35,000.

Defendant's evidence tended to show that she had a good reputation in her community and that she had lived there most of her life. Defendant took the stand in her own behalf and testified that on the evening of 6 May 1980, at about 7:30, she decided to take her two sons and some other neighborhood children to a movie. The children were told to return home to get their money and to gather at defendant's mother's house, about a block away from defendant's home, at 8:00. Her two sons left her home short-

State v. Brackett

ly after 7:30 that evening and walked to her mother's to return a chain saw. Defendant talked to two other children about going to the movie, went into the house to get her pocketbook and newspapers and came out to start the car at about 7:35 p.m. After she started the car she let it warm up for a few minutes while she cleaned out the car. She then realized that she had forgotten a book and went back to the house to retrieve it. About ten to fifteen minutes elapsed between the time she left the house and the time she re-entered it. When she pushed open the door and stepped in she was met by a wall of flames. She backed out and closed the door. Then she realized that her pants leg was on fire. She took off her pants and put out the fire. She ran to her car and drove to her mother's home where she reported the fire. She didn't use a neighbor's telephone to report the fire because she was clad only in a blouse and undergarments.

Defendant was found guilty as charged by the jury and was sentenced to three to five years' imprisonment.

Defendant appealed her conviction to the Court of Appeals. That court, in an opinion by Judge Webb, in which Judge Robert Martin concurred, found no error in her conviction. Judge Wells voted for a new trial. Defendant appeals to this Court as of right pursuant to G.S. 7A-30(2).

II.

The question dispositive of this appeal is whether the trial court erred in denying defendant's motion to dismiss the charge at the close of all evidence. We conclude that the charge should have been dismissed and reverse and remand for entry of an order of dismissal.

The statute under which defendant was charged, former G.S. 14-65, provided:

If any person, being the occupant of any building used as a dwelling house, whether such person be the owner thereof or not, or, being the owner of any building designed or intended as a dwelling house, shall wantonly and willfully or for a fradulent purpose set fire to or burn or cause to be burned,

State v. Brackett

or aid, counsel or procure the burning of such building, he shall be guilty of a felony. . . .[1]

The indictment upon which defendant was tried charged her with wanton and willful burning and not with burning for a fraudulent purpose. Thus, an essential element of this crime is that the burning was done willfully and wantonly. When intent is an essential element of a crime the State is required to prove the act was done with the requisite specific intent, and it is not enough to show that the defendant merely intended to do that act. *E.g.,* *State v. Morgan*, 136 N.C. 628, 48 S.E. 670 (1904). In *Morgan, id.* at 629-30, 48 S.E. at 671, this Court stated:

> It must be conceded that it is not always necessary to show either a motive or an intent, for in some offenses the intent to do the forbidden act is the criminal intent, and the act committed with that intent constitutes the crime. If the person has done the act which in itself is a violation of the law, he will not be heard to say that he did not have the intent. *S. v. King*, 86 N.C., 603; *S. v. Voight*, 90 N.C., 741; *S. v. Smith*, 93 N.C., 516; *S. v. McBrayer*, 98 N.C., 619; *S. v. McLean*, 121 N.C., 589, 42 L.R.A., 721. But this principle does not apply when the act is itself equivocal and becomes criminal only by reason of the intent. *S. v. King* and cases *supra*. In the latter case, if the act may be innocent or not according to the intent with which it is done, or if its criminality depends upon the intent, it is incumbent on the State to show the intent or to show the facts and circumstances from which the intent may be inferred by the jury, and it is necessary that the jury should find the intent as a fact before the defendant charged with the commission of the act can be adjudged guilty of a crime. *S. v. McDonald*, 133 N.C., 680.

Thus, in order to prove that this defendant's conduct violated G.S. 14-65 the State was required to prove (1) that she was the owner or occupier (2) of a dwelling house (3) that she burned or set on fire (4) wantonly and willfully. Defendant contends that the State did not present sufficient evidence of willfulness and wantonness. We agree.

---

1. G.S. 14-65, as presently codified, now makes this crime punishable as a Class H felony and applies only to offenses committed after 1 July 1981.

The requirement that an act be done willfully and wantonly has previously been considered by this Court. In *State v. Williams*, 284 N.C. 67, 199 S.E. 2d 409 (1973), we considered the meaning of that requirement in the context of a prosecution for murder based on the underlying felony of willfully and wantonly discharging a firearm into an occupied dwelling and stated:

> In our view, the words "wilful" and "wanton" refer to elements of a single crime. Ordinarily, " '[w]ilful' as used in criminal statutes means the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law." *State v. Arnold*, 264 N.C. 348, 141 S.E. 2d 473 (1965). "Wantonness . . . connotes intentional wrong-doing. . . . Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others." *Hinson v. Dawson*, 244 N.C. 23, 28, 92 S.E. 2d 393, 396-97 (1956). The attempt to draw a sharp line between a "wilful" act and a "wanton" act . . . would be futile. The elements of each are substantially the same.

> We hold that a person is guilty of the felony created by G.S. 14-34.1 if he intentionally, without legal justification or excuse, discharges a firearm into an *occupied building* with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons.

*Id.* at 72-73, 199 S.E. 2d at 412. Thus, for a burning of a dwelling to be criminal under G.S. 14-65 as a willful and wanton burning, it must be shown to have been done intentionally, without legal excuse or justification, and with the knowledge that the act will endanger the rights or safety of others or with reasonable grounds to believe that the rights or safety of others may be endangered.

Defendant challenged the sufficiency of the evidence on this and every other essential element of the crime by moving to dismiss the charge at the close of all the evidence. The evidence is sufficient to withstand a motion to dismiss if, when viewed in the light most favorable to the State, there is substantial evidence of all essential elements of the offense. *E.g., State v. Locklear*, 304 N.C. 534, 284 S.E. 2d 500 (1981); *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981). In deciding whether the evidence is sufficient:

> The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.

*State v. Powell*, 299 N.C. 95, 99, 261 S.E. 2d 114, 117 (1980) (citations omitted).

When viewed in the light most favorable to the State, there is no substantial evidence of willfulness and wantonness. There is no evidence that defendant set fire to her dwelling house with reckless disregard of the rights or safety of others. To the contrary, her house was located on a large lot and the fire did not endanger other homes, defendant herself reported the fire, and she was alone at her home when the fire started. Although the State argues that there is evidence that the fire was set in disregard of the public's interest in not having the building destroyed, that is not the sort of right which would make defendant's conduct wanton.

Although there was some evidence from which it could be inferred that defendant set fire to her home for the purpose of collecting insurance proceeds worth more than her home, this intent is not wanton. Had plaintiff had this intent to collect on the insurance, her action would have been done for fraudulent purposes and would have been criminal under the other clause of G.S. 14-65. However, the indictment charged defendant with willful and wanton burning and not with burning for fraudulent purpose and her conviction can be sustained only if willfulness and wantonness is shown.

For the reasons stated above we conclude that the trial court erred in denying defendant's motion to dismiss that charge at the close of all evidence. The decision of the Court of Appeals is reversed and the cause is remanded to that court with instructions to remand to the Superior Court, Mecklenburg County, for entry of judgment of dismissal. In light of our holding, it is not necessary to address other questions raised.

Reversed and remanded.