STATE OF NORTH CAROLINA v. DENNIS SINGLETARY AND RAY CHARLES BELLAMY

No. 8413SC443

(Filed 19 March 1985)

1. **Obstructing Justice § 1— obstructing an officer in performance of duties—not unconstitutionally vague—does not chill communications**

G.S. 14-223, which prohibits willfully and unlawfully resisting, delaying, or obstructing a police officer in discharging or attempting to discharge a duty of his office, is not unconstitutionally vague and does not chill communications between individuals and police officers.

2. **Obstructing Justice § 1; Criminal Law § 73.2— testimony not offered for truth of matter therein—not within hearsay rule**

In a prosecution for obstructing an officer while attempting to arrest a suspect, the trial court did not err by refusing to strike the testimony of an officer that he had information that the suspect would run. The testimony was admitted with a limiting instruction only for the purpose of explaining the officers' actions, not for the truth of the matter asserted.

State v. Singletary

**3. Obstructing Justice § 1— testimony that defendants hindered officers and heard order to stop—no error**

In a prosecution for obstructing an officer attempting to arrest a suspect, the trial court did not commit prejudicial error in refusing to strike testimony that the defendants hindered officers when they caused the prisoner to get away and that defendants and everyone else in the crowd had heard a comment to stop.

**4. Obstructing Justice § 2; Indictment and Warrant § 17.1— no fatal variance between indictment and proof—evidence sufficient for jury**

In a prosecution for obstructing an officer attempting to make an arrest, the evidence was sufficient to go to the jury and there was not a fatal variance between the warrants and the evidence where the warrants alleged interference with an officer by charging the officer and refusing to get out of his way, and the evidence was that defendants advanced within six feet of officers after being told to halt, that one defendant yelled "no, no, no, he ain't going nowhere," and the other yelled "stop it, he ain't going." The evidence reflected a willful obstruction of the officers in discharging their duty, and the allegations in the warrants did not differ from the proof so significantly that defendants would be taken by surprise as to what statute they were charged with violating.

APPEAL by defendants from *Bruce, Judge*. Judgment entered 23 September 1983 in Superior Court, Columbus County. Heard in the Court of Appeals 17 January 1985.

The defendants were charged with obstructing an officer, Gerald Lincoln, while he was attempting to arrest a suspect, Harold Ford, on a warrant alleging drug offenses, at a local nightspot called Ro-Jays. A crowd of approximately forty people was outside Ro-Jays when the police officer and his colleague Officer Pierce first attempted to arrest Mr. Ford.

The crowd advanced towards Officer Lincoln and Mr. Ford. Mr. Ford was struggling. The police officer told the crowd to stop, and all did except for three who continued to come forward. Those three included the defendants. They advanced within six feet of the police officers. They halted after both police officers pulled their revolvers. Mr. Ford escaped when Officer Lincoln reached for his revolver. Officer Lincoln chased Mr. Ford and apprehended him.

The State's testimony shows that as they advanced toward the police officers, the defendants shouted and made threatening gestures. Officer Lincoln testified that defendant Singletary had

his fists balled in the air and yelled, "no, no, no, he ain't going nowhere." Defendant Bellamy shouted, "stop it, he ain't going."

The defendants were arrested on warrants charging that while Officer Gerald Lincoln:

> [W]as attempting to discharge and discharging a duty of his office, to wit; to arrest defendant Harold Irvin Ford, on a warrant for drugs charges. [sic] the interferred [sic] was that Ray Charles Bellamy [and Dennis Singletary, in the second warrant] came running at the said officer in xxxxx charging manner. [sic] and refusing to get out of officer [sic] way in violation of the law referenced on this Warrant.

After trial the defendants were found guilty of obstructing an officer. From the judgment, defendants appeal.

*Attorney General Rufus L. Edmisten, by Associate Attorney Sueanna P. Peeler, for the State.*

*Williamson and Walton, by C. Greg Williamson and Michael W. Willis, for defendant appellants.*

ARNOLD, Judge.

[1] The defendants contend first that the trial court committed reversible error by denying defendants' motions to dismiss the charges prior to the beginning of trial on grounds that G.S. 14-223 is unconstitutional on its face due to vagueness.

G.S. 14-223 states:

> If any person shall willfully and unlawfully resist, delay, or obstruct a police officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both.

A statute is unconstitutionally vague if its language is so general and uncertain that "it may embrace not only acts commonly recognized as reprehensible but also others which it is unreasonable to presume were intended to be made criminal," *State v. Graham*, 32 N.C. App. 601, 607, 233 S.E. 2d 615, 620 (1977).

G.S. 14-223 does not suffer from this defect; it is not so generally phrased that it proscribes innocent but orderly communication with police officers. The statute prohibits only *willful* resistance, delay or obstruction of a police officer in attempting to discharge or in discharging a duty of his office. An individual who disagrees with or criticizes a police officer, but who does not intend to resist, obstruct or delay the officer's performance of his duty cannot be convicted under G.S. 14-223. *See State v. Leigh*, 278 N.C. 243, 251, 179 S.E. 2d 708, 713 (1971). We agree that the term "unlawfully" in the statute is conclusory but do not find that that makes the statute as a whole unconstitutionally vague.

G.S. 14-223 gives a person of ordinary intelligence fair notice of the behavior it proscribes. The legislature has drafted with "reasonable precision" a comprehensible rule of conduct. *State v. Hales*, 256 N.C. 27, 32, 122 S.E. 2d 768, 773 (1961). The statute is not unconstitutionally vague.

The defendants suggest that G.S. 14-223 chills communications between individuals and police officers. Communications intended merely to assert rights, clarify a misunderstanding, or gain information in a peaceable and orderly manner, however, are not chilled. Those intended to hinder or prevent an officer from carrying out his duty admittedly are discouraged by the statute, and we have found that these restrictions are in the public interest and not so intrusive as to violate the First or Fourteenth Amendments. *State v. Leigh*, 278 N.C. at 251, 179 S.E. 2d at 713.

[2]  The defendant next contends that the trial court committed reversible error in refusing to strike the testimony of the witness, Officer Lincoln, that "we had information in reference to serving the warrant on Harold that he would run" on grounds that the testimony was hearsay. This testimony was admitted only for the purpose of explaining why the police officers, on seeing Mr. Ford arrive in his car, returned to their own car and waited for him to park his before approaching him. The trial judge instructed the jury that the officer's testimony was not admitted "for the purpose of showing that the information was true, that is [sic] that Harold Erwin Ford would run, but it is admitted solely for the purpose of explaining why this officer did what he did."

Because it was not introduced to prove the truth of the matter asserted, the testimony did not include hearsay evidence. Moreover, the trial judge's limiting instruction avoided any prejudicial effect. *State v. Alexander*, 4 N.C. App. 513, 167 S.E. 2d 37 (1969), is therefore distinguishable.

[3] The defendant contends further that the trial court committed prejudicial error in refusing to strike the testimony of the witness, Officer Pierce, that the defendants ". . . hindered us when they first approached us when they caused our prisoner to get away," and in refusing to strike the officer's testimony that the defendants and everyone else in the crowd had heard his comment to stop. After reviewing all the evidence, we find no prejudicial error in this testimony.

[4] The defendant contends also that the trial court committed reversible error in refusing defendants' motion to set aside the verdict because of a fatal variance between the allegations contained in the warrants and the evidence offered at trial. The warrants issued against both defendants charge that the defendants interfered with Officer Lincoln by "running at the said officer in . . . charging manner. [sic] and refusing to get out of officer [sic] way."

The evidence shows that both defendants advanced to within six feet of the police officers after they had been told to halt. One of the defendants had his fists balled in the air and yelled, "no, no, no, he ain't going nowhere." the other defendant yelled, "stop it, he ain't going." Their behavior reflected a determination to prevent the officers from arresting Harold Ford, and did in fact cause the officers to lose control of Ford so that he could struggle free. This was willful obstruction of the police officers in discharging their duty, and was illegal under G.S. 14-223. The variance between the warrant and proof accordingly was not fatal. *State v. Jacobs*, 25 N.C. App. 500, 503, 214 S.E. 2d 254, 256 (1975). Moreover, the allegations in the warrant did not differ from the proof so significantly that the defendants would be taken by surprise as to what statute they were charged with violating. *Id.*

Given the facts as described above, the evidence was clearly sufficient to carry the case to the jury. The defendants were not "merely remonstrating" with the officer on behalf of another. The

trial judge did not err in denying defendants' motion to dismiss made at the close of all the evidence.

The trial judge's denial of the defendants' motion to set aside the verdict and motion for judgment notwithstanding the verdict was no abuse of discretion.

No error.

Judges WELLS and EAGLES concur.