BERGER, Judge.
 

 *383
 
 Chessica Peters ("Defendant") appeals from judgment entered following her conviction for attempting to obtain property by false pretense, possessing or displaying an altered North Carolina driver's license, and delaying a public officer in the discharge of his duties. Defendant was sentenced as an habitual felon to 95 to 126 months in prison.
 

 Defendant has only challenged her conviction for the Class 2 misdemeanor of delaying a public officer in violation of
 
 N.C. Gen. Stat. § 14-223
 
 (2015). Specifically, Defendant contends the trial court erred by denying her motion to dismiss when the State failed to introduce sufficient evidence that she delayed a public officer or intended to delay a public officer. We disagree.
 

 Factual & Procedural Background
 

 On June 28, 2015, Larkin Anderson ("Anderson"), a loss prevention officer for Wal-Mart, Inc., Store 1027, ("Wal-Mart") observed a female enter Wal-Mart with two expensive, identical blenders. She approached the customer service counter, returned the two blenders for a refund, purchased two vacuum cleaners and two toys, and then exited the store. After she had loaded her purchased items into her vehicle, she handed Defendant her receipt and drove away.
 

 *384
 
 Defendant then entered Wal-Mart, selected two vacuums and two toys identical to the ones purchased formerly. She proceeded to Wal-Mart's garden center exit with them, rather than returning to the general entrance through which she originally came. Defendant picked up an additional item and paid cash for it, and presented the cashier with the receipt that was given to Defendant in the parking lot. Defendant then left Wal-Mart through the garden center exit, without paying for the vacuums or the toys.
 

 Anderson approached Defendant outside the doors of the garden center and confronted her about her apparent theft. Anderson asked Defendant to accompany him to the store's Asset Protection Office, and held her there until a law enforcement officer could arrive to investigate the incident.
 

 Officer Parker Phillips ("Officer Phillips") of the Concord Police Department reported to the Wal-Mart as the investigating officer. Officer Phillips first attempted to identify Defendant by requesting an identification card ("ID"). Defendant produced a North Carolina ID that she gave to Officer Phillips. He stepped outside of the office, and radioed his dispatch officer asking for information related to the license number on Defendant's
 
 ID.
 

 The dispatch officer reported that the name associated with the given ID number differed from the one listed on the
 
 ID.
 
 Officer Phillips returned to the office and asked Defendant if the numbers on the ID were correct, and Defendant confirmed that they were. Officer Phillips then asked Defendant if there were any additional numbers, as it appeared the ID had been altered. Defendant replied that there may have been an "8" missing from the end of the ID number. Officer Phillips asked if she was certain there were no other numbers missing, to which Defendant stated, "there's no other numbers, just an 8." Officer Phillips again requested
 
 *814
 
 the dispatch officer to check the ID number, now including the "8", and again was given a name that did not match the
 
 ID.
 

 Officer Phillips then asked the dispatch officer to search using Defendant's name and date of birth. This search proved fruitful, and the dispatch officer reported that Defendant's ID number also included a "0". All other information on Defendant's ID-her name, date of birth, race, etc.-was correct. The dispatch officer also reported that Defendant had "a couple outstanding warrants." Officer Phillips then charged Defendant with resisting, delaying, or obstructing a public officer in the performance of his duties for "verbally giving an incorrect driver's license ID number."
 

 *385
 
 Officer Phillips testified at trial that the delay in Defendant's identification could have been avoided had he initially requested a search using her name and birth date as the parameters. However, Concord Police officers are trained to search records by license number when doing so over their radios, and Officer Phillips followed this protocol.
 

 On July 6, 2015, Defendant was indicted by a Cabarrus County grand jury for attempting to obtain property by false pretense, in violation of
 
 N.C. Gen. Stat. § 14-100
 
 (2015) ; possessing or displaying an altered North Carolina driver's license, in violation of
 
 N.C. Gen. Stat. § 20-30
 
 (1) (2015) ; and willfully and unlawfully resisting, delaying, or obstructing a public officer in discharging or attempting to discharge a duty of his office, in violation of
 
 N.C. Gen. Stat. § 14-223
 
 (2015). On August 17, 2015, Defendant was indicted as an habitual felon pursuant to
 
 N.C. Gen. Stat. § 14-7.1
 
 (2015). Beginning on August 31, 2016, Defendant was tried before a jury, and found guilty of all charges on September 2, 2016. Defendant subsequently pleaded guilty to having attained habitual felon status. These convictions were consolidated into a single active sentence of 95 to 126 months in prison. Defendant gave timely notice of appeal at the close of her trial.
 

 Analysis
 

 Initially, we must address the State's argument that Defendant failed to preserve her right to appeal the denial of her motion to dismiss for insufficiency of the evidence. Defendant allegedly failed preservation of her appellate rights when she did not renew her motion to dismiss after the jury rendered its verdict. "In a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action ... is made at trial." N.C.R. App. P. 10(a)(3) (2015).
 

 In this case, Defendant made general motions to dismiss at both the close of the State's evidence, and at the close of all evidence. "A general motion to dismiss requires the trial court to consider the sufficiency of the evidence on all elements of the challenged offenses, [which] thereby preserv[es] the arguments for appellate review."
 
 State v. Walker
 
 , --- N.C.App. ----, ----,
 
 798 S.E.2d 529
 
 , 531,
 
 disc. review denied
 
 , --- N.C. ----,
 
 799 S.E.2d 619
 
 (2017). The State's argument that Defendant failed to preserve her right to review is therefore without merit, and we proceed to Defendant's appeal.
 

 Both of Defendant's issues asserted on appeal pertain to the denial of her motion to dismiss and the related allegations that the State introduced insufficient evidence of two elements required for a conviction
 
 *386
 
 of delaying a public officer in the discharge of his duties pursuant to
 
 N.C. Gen. Stat. § 14-223
 
 . We review the denial of a motion to dismiss for insufficient evidence
 
 de novo
 
 .
 
 State v. Bagley
 
 ,
 
 183 N.C.App. 514
 
 , 526,
 
 644 S.E.2d 615
 
 , 621 (2007) (citation omitted).
 

 "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455,
 
 cert. denied
 
 ,
 
 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed.2d 150
 
 (2000) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 State v. Smith
 
 ,
 
 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980) (citations omitted).
 

 *815
 
 "In making its determination, the trial court must consider all [competent] evidence admitted ... in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor."
 
 State v. Rose
 
 ,
 
 339 N.C. 172
 
 , 192,
 
 451 S.E.2d 211
 
 , 223 (1994),
 
 cert. denied
 
 ,
 
 515 U.S. 1135
 
 ,
 
 115 S.Ct. 2565
 
 ,
 
 132 L.Ed.2d 818
 
 (1995) (citation omitted).
 

 Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy it beyond a reasonable doubt that the defendant is actually guilty.
 

 Fritsch
 
 ,
 
 351 N.C. at 379
 
 ,
 
 526 S.E.2d at 455
 
 (citations, emphasis, quotation marks, and brackets omitted).
 

 N.C. Gen. Stat. § 14-223
 
 proscribes not merely resisting an arrest, but includes any willful and unlawful resistance, delay, or obstruction of a public officer in the discharge of his or her duty.
 
 State v. Newman
 
 ,
 
 186 N.C.App. 382
 
 , 388,
 
 651 S.E.2d 584
 
 , 588 (2007),
 
 disc. review denied
 
 , --- N.C. ----,
 
 667 S.E.2d 234
 
 (2008) (citation omitted). Violation of this statute is a Class 2 misdemeanor. G.S. § 14-223 (2015). The essential elements of this 'resist, delay, or obstruct' charge are:
 

 *387
 
 (1) that the victim was a public officer;
 

 (2) that the defendant knew or had reasonable grounds to believe that the victim was a public officer;
 

 (3) that the victim was discharging or attempting to discharge a duty of his office;
 

 (4) that the defendant resisted, delayed, or obstructed the victim in discharging or attempting to discharge a duty of his office; and
 

 (5) that the defendant acted willfully and unlawfully, that is intentionally and without justification or excuse.
 

 State v. Washington
 
 ,
 
 193 N.C.App. 670
 
 , 679,
 
 668 S.E.2d 622
 
 , 628 (2008),
 
 appeal dismissed
 
 ,
 
 disc. review denied
 
 , --- N.C. ----,
 
 674 S.E.2d 420
 
 (2009) (citation and brackets omitted). Section 14-223 has been interpreted by this Court to embrace as punishable the "failure to provide information about one's identity during a lawful stop[,]" but this Court also noted that "[t]here are, of course, circumstances where one would be excused from providing his or her identity to an officer[.]"
 
 State v. Friend
 
 ,
 
 237 N.C.App. 490
 
 , 493,
 
 768 S.E.2d 146
 
 , 148 (2014),
 
 disc. review denied
 
 , --- N.C. ----,
 
 771 S.E.2d 308
 
 (2015) ;
 
 see also
 

 Roberts v. Swain
 
 ,
 
 126 N.C.App. 712
 
 , 724,
 
 487 S.E.2d 760
 
 , 768 (holding that a defendant's refusal to give his social security number to police officers could not be used as the basis for a resisting charge pursuant to
 
 N.C. Gen. Stat. § 14-223
 
 ),
 
 review denied
 
 ,
 
 347 N.C. 270
 
 ,
 
 493 S.E.2d 746
 
 (1997).
 

 In the case
 
 sub judice
 
 , Defendant has only challenged the sufficiency of the evidence introduced by the State to prove element four, that she resisted, delayed, or obstructed an officer; and element five, that this conduct was intentional. We therefore must review whether sufficient evidence of both the wrongful deed and the requisite intent was introduced.
 

 The evidence tended to show that Defendant's conduct did delay Officer Phillips, satisfying element four. This is irrespective of Defendant's contention that Officer Phillips could have chosen other methods of investigation to confirm Defendant's information that would not have resulted in delay. Officer Phillips testified that he had requested Defendant's ID; Defendant voluntarily produced an ID with an altered identification number; he asked Defendant "if this was the correct number on the ID"; Defendant affirmed that it was, knowing that it was not. Defendant's production of an altered ID, coupled with her affirmation
 
 *388
 
 that the number on the ID was accurate, caused Officer Phillips to spend more time than he would have otherwise to locate records associated with Defendant so that he could continue his investigation.
 
 *816
 
 Therefore, sufficient evidence was introduced for this element to allow resolution by the jury.
 

 The evidence also permitted a reasonable inference that Defendant had the requisite intent to delay and obstruct Officer Phillips, satisfying the intent requirement of element five. To establish guilt beyond a reasonable doubt, Section 14-223 requires that the State prove a defendant acted "willfully" when resisting, delaying, or obstructing a public officer in the discharge of his or her duties. To prove 'willfulness,' the State must introduce sufficient evidence that the defendant acted without justification or excuse, "purposely and deliberately in violation of law."
 
 State v. Arnold
 
 ,
 
 264 N.C. 348
 
 , 349,
 
 141 S.E.2d 473
 
 , 474 (1965) (citation omitted). "Because willfulness is a mental state, it often must be inferred from the surrounding circumstances rather than proven through direct evidence."
 
 State v. Crockett
 
 ,
 
 238 N.C.App. 96
 
 , 106,
 
 767 S.E.2d 78
 
 , 85 (2014),
 
 aff'd
 
 ,
 
 368 N.C. 717
 
 ,
 
 782 S.E.2d 878
 
 (2016) (citation omitted).
 

 When used in a criminal statute, 'willful' is to be interpreted as
 

 something more than an intention to do a thing. It implies the doing [of] the act purposely and deliberately, indicating a purpose to do it without authority-careless whether he has the right or not-in violation of law, and it is this which makes the criminal intent without which one cannot be brought within the meaning of a criminal statute.
 

 State v. Moore
 
 ,
 
 240 N.C.App. 465
 
 , 478,
 
 770 S.E.2d 131
 
 , 141,
 
 writ denied, disc. review denied
 
 ,
 
 368 N.C. 353
 
 ,
 
 776 S.E.2d 854
 
 (2015) (citation omitted). "When intent is an essential element of a crime the State is required to prove the act was done with the requisite specific intent, and it is not enough to show that the defendant merely intended to do that act."
 
 State v. Brackett
 
 ,
 
 306 N.C. 138
 
 , 141,
 
 291 S.E.2d 660
 
 , 662 (1982) (citation omitted).
 

 Here, Officer Phillips testified that, from his law enforcement training, he knew that subjects being investigated for charges similar to those in this case would scratch numbers off of their identification cards. This was done so that, if apprehended by a retailer, when that retailer went to press charges against the subject it would be unable to identify him or her with the incomplete or incorrect number from their
 
 ID.
 
 That is exactly what
 
 *389
 
 happened here when Officer Phillips attempted to run the incomplete information: the inability to properly identify Defendant. The jury could reasonably find from the evidence presented that Defendant intended to delay Officer Phillips by her failure to provide complete information.
 

 Officer Phillips' testimony about his interactions with Defendant at the time of her arrest gives rise to an inference that Defendant was willful in the giving of false information, i.e., she intended to give a false statement for the purpose of delaying Officer Phillips in the performance of his duties.
 

 Conclusion
 

 Defendant received a fair trial, free from error. As explained above, the State introduced sufficient evidence of both Defendant's intent to delay and her actual delay of Officer Phillips in the performance of his duties. The trial court did not err in denying Defendant's motion to dismiss.
 

 NO ERROR.
 

 Judges DILLON and ZACHARY concur.