IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-630

No. COA21-752

Filed 20 September 2022

Pitt County, No. 19 CRS 056608

STATE OF NORTH CAROLINA

v.

RONALD PRESTON HARPER

Appeal by defendant from judgments entered 24 June 2021 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 9 August 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Juliane L. Bradshaw, for the State.*

*Hynson Law, PLLC, by Warren D. Hynson, for defendant-appellant.*

TYSON, Judge.

¶ 1 Ronald Preston Harper ("Defendant") appeals from judgment entered upon a jury's verdict finding him guilty of willingly resisting, delaying, or obstructing a public officer. We find no error.

## I. Background

¶ 2 Winterville Police Officers Jordan Cruse ("Officer Cruse") and Jordan Fuquay ("Officer Fuquay") were dispatched to a Sam's Club gas station in Winterville on 14

September 2019 at approximately 2:40 p.m. The dispatch was in response to a caller reporting an individual "cursing and using profanity towards" the caller.

¶ 3 Prior to the officers' arrival, Defendant was talking to the caller at the gas station about a "blue line" bumper sticker located on the caller's car and race relations. The Defendant and the caller disagreed over policing practices within the United States. No physical confrontation or altercation occurred between Defendant and the caller.

¶ 4 Upon arrival, Officer Cruse and Officer Fuquay observed the caller seated inside a vehicle parked at a gas pump. Defendant's vehicle was parked behind the caller's vehicle at another gas pump. The officers located the caller, who stated Defendant was bothering him. At that time, Defendant was arguing with the gas station attendant over the gas pump, which was spilling fuel due to the hose being over extended.

¶ 5 Officer Cruse and Officer Fuquay requested to speak with Defendant about the reason for the dispatch call. Defendant refused to speak with the officers, stating he was "attending to his pumping duties." Officer Cruse continued to request Defendant to speak with him, whereby Defendant asked if he was under arrest. Officer Cruse responded, "[n]o, you're not free to leave right now." Defendant added, "So I'm under arrest. What statute in North Carolina are you coming to talk to me about?" Officer Cruse responded to Defendant that he was being detained for "causing a

disturbance." Officer Cruse reiterated, "[t]he reason that I am talking to you is because we had a gentleman call, complaining that you were harassing him . . . That's all I'm here to talk to you about." Defendant replied, "[w]ell, I'm not talking to you about it."

¶ 6    The exchange continued until Officer Cruse requested Defendant provide identification. Defendant reached into his shirt pocket and produced a card purportedly containing Defendant's name with initials, title, a telephone number, and a quote from *City of Houston v. Hill*. 482 U.S. 451, 462-63, 96 L.Ed.2d 398, 412-13 (1987) ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."). Defendant asserted he had previously worked as an "investigative journalist" for twenty years.

¶ 7    Officer Cruse continued to request Defendant's identification several times to complete the investigation and dispatch report. Defendant continued to refuse to produce any identification other than the card. Defendant again tried to hand Officer Cruse the same card, requesting Officer Cruse to read the card because the encounter was "a constitutional issue."

¶ 8    Soon thereafter, Defendant responded to yet another request for identification, stating it was located inside his vehicle. Officer Cruse escorted Defendant over to his vehicle where Defendant grabbed his card holder attached to his cell phone.

Defendant again tried to give Officer Cruse the card, stating "I'm not giving you nothing until you take this. Take that!" When Officer Cruse refused, Defendant offered the card to Officer Fuquay.

¶ 9          Officer Cruse handcuffed Defendant and requested Officer Fuquay retrieve Defendant's card, out-of-state driver's license, and cell phone. Defendant's license identified him as "Ronald Preston Harper Jr. from Pennsylvania." Defendant was placed under arrest for obstructing Officer Cruse's investigation by refusing to provide identification and charged with resisting, delaying, or obstructing a public officer.

¶ 10         Officer Cruse was conducting unrelated third-party traffic stops or investigations post-arrest when Defendant appeared at three locations on 22 October 2019 and twice on 17 December 2019. Defendant moved within 10 feet of the stop and recorded Officer Cruse. Defendant next appeared at a stop Officer Cruse was conducting on 17 December 2019. He came near the officer and stated, "I am watching you Jordan, you A--hole." During the second stop on 17 December 2019, Defendant drove by and gestured with a hand motion resembling a gun pointed at Officer Cruse. Officer Cruse charged Defendant with communicating threats. The two charges were joined and tried together. Defendant was convicted by a jury of resisting, delaying, or obstructing a police officer but was acquitted of communicating threats. Defendant appeals.

## II.    Jurisdiction

¶ 11        Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1), 15A-1444(a) (2021).

## III.    Issues

¶ 12        Defendant raises three issues on appeal: (1) whether the trial court properly denied Defendant's motion to dismiss the charge of resisting, delaying, or obstructing a public officer; (2) whether the trial court erred by allowing Defendant to waive counsel and represent himself in superior court after Defendant had signed a waiver of counsel in district court; and, (3) whether the trial court erred by failing to instruct the jury on justification or excuse for the charge of resisting, delaying, or obstructing a public officer.

## IV.    Motion to Dismiss

¶ 13        At the close of the State's evidence, Defendant moved to dismiss the obstructing a public officer charge.  Following the defense's evidence, the trial court renewed *sua sponte* Defendant's motion to dismiss and the motion.  The issue is preserved for review by this Court. N.C. R. App. P. 10(a)(3).

### A. Standard of Review

¶ 14        Where a defendant properly preserves a motion to dismiss, this Court reviews the denial of a motion to dismiss *de novo. State v. Parker*, 274 N.C. App. 464, 469, 852 S.E.2d 638, 644 (2020) (citation omitted).  Under *de novo* review, this Court "considers

the matter anew and freely substitutes its own judgment" for that of the trial court. *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citation omitted).

## B. Analysis

¶ 15 In ruling on a motion to dismiss criminal charges, the question is "whether there is substantial evidence (1) of each essential element of the offense charged . . . and (2) of defendant's being the perpetrator of such offense." *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citation omitted).

¶ 16 Whether the State presented substantial evidence of each essential element of the offense is a question of law this Court reviews *de novo*. *State v. Golder*, 374 N.C. 238, 250, 839 S.E.2d 782, 790 (2020) (citation omitted). In ruling on a motion to dismiss, this Court views all evidence in the light most favorable to the State and draws all reasonable inferences in the State's favor. *Id.*

¶ 17 The elements of the offense of resisting, delaying, or obstructing a public officer are: (1) "the victim was a public officer"; (2) "the defendant knew or had reasonable grounds to believe the [officer] was a public officer"; (3) "the [officer] was [lawfully] discharging or attempting to discharge a duty of his office"; (4) "the defendant resisted, delayed, or obstructed the [officer] in discharging or attempting to discharge a duty of his office"; and, (5) "the defendant acted willfully and unlawfully, that is intentionally and without justification or excuse." *State v. Peters*, 255 N.C. App. 382,

387, 804 S.E.2d 811, 815 (2017) (explaining the essential elements of N.C. Gen. Stat. § 14-223 (2021)).

¶ 18        Defendant does not challenge the first two elements on appeal.  Officer Cruse was a public officer in uniform responding to a dispatched call in a marked vehicle, identified himself, announced the reason for his presence on the scene, and requested Defendant to identify himself. N.C. Gen. Stat. § 14-223 (2021).

### 1.  *Lawful Discharge of Duties*

¶ 19        Defendant first asserts the trial court erred in denying his motion to dismiss the charge of resisting, delaying, or obstructing a public officer because the initial contact with Defendant was not a lawful discharge of the officer's duties.  To succeed in a motion to dismiss, substantial evidence must tend to show Officer Cruse was either not discharging or attempting to discharge his duties or was doing so unlawfully.  This element "presupposes lawful conduct of the officer in discharging or attempting to discharge a duty of his office." *State v. Sinclair*, 191 N.C. App. 485, 489, 663 S.E.2d 866, 870 (2008).

¶ 20        "The Fourth Amendment protects individuals 'against unreasonable searches and seizures,' [under] U.S. Const. amend. IV, and the North Carolina Constitution provides similar protection, [under] N.C. Const. art. I, § 20." *State v. Styles*, 362 N.C. 412, 414, 665 S.E.2d 438, 439 (2008).  Our Supreme Court has stated that "the police can stop and briefly detain a person for investigative purposes if the officer has a

reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *Id.* at 423-24, 665 S.E.2d at 445.

¶ 21     Reasonable suspicion requires "[t]he stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." *State v. Watkins*, 337 N.C. 437, 441-42, 446 S.E.2d 67, 70 (1994) (citations omitted).  "Reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." *Styles*, at 414, 665 S.E.2d at 439 (citations and internal quotation marks omitted).

¶ 22     The State's evidence tends to show Officer Cruse established reasonable suspicion through articulable facts prior to approaching and detaining Defendant. Officers knew the description of the parties from the call reporting a disturbance. Upon the officers' arrival at the scene, the caller immediately identified Defendant as the person who had caused the disturbance.  Officer Cruse also testified he observed Defendant "yelling and fussing" at the gas station attendant upon his arrival.  The basis for the call and subsequent investigation was substantiated prior to Defendant being approached and detained. *Watkins*, 337 N.C. at 442, 446 S.E.2d at 70.

¶ 23     When reviewing the reasonableness of a warrantless detention, this Court considers the totality of circumstances to determine whether reasonable suspicion

exists to make an investigatory detention. *See State v. Sanchez*, 147 N.C. App. 619, 623, 556 S.E.2d 602, 606 (2001) (citations omitted).

¶ 24 This Court determined officers had "'a reasonable basis to stop [the] defendant and require him to identify himself' to ascertain whether he was the named subject in their arrest warrants." *State v. Washington*, 193 N.C. App. 670, 680, 668 S.E.2d 622, 628 (2008) (citations omitted). By doing so, "the officers were lawfully discharging a duty of their office." *Id.* An officer may briefly detain a suspect when responding to and observing activity reasonably calculated to be criminal activity. *See State v. Harrell*, 67 N.C. App. 57, 63, 312 S.E.2d 230, 235 (1984) (holding an officer briefly seizing a driver to ask for his driver's license to determine his identity and employment status was proper).

¶ 25 The State need only show Officer Cruse reasonably believed some criminal activity may be occurring based on articulable facts to survive Defendant's motion to dismiss. Viewing evidence in the light most favorable to the State, Officer Cruse could have reasonably believed Defendant was the subject of the disturbance dispatch, verified that information with the caller, and observed and articulated facts sufficient to approach Defendant to request identification.

¶ 26 Upon arrival, Officer Cruse initially spoke with the caller who had reported Defendant was harassing him. The caller specifically identified Defendant as that person. Defendant was observed engaging in aggressive behaviors toward the gas

station attendant. When Officer Cruse approached Defendant in the investigation of the disturbance call, reasonable suspicion existed. Officer Cruse was lawfully discharging his law enforcement duties and within his rights to confront and request Defendant's identity.

¶ 27 Viewing the evidence in the light most favorable to the State, substantial evidence was presented tending to show and for the jury to find the third element, that the officer was lawfully discharging or attempting to discharge a duty of his office, sufficient to overcome Defendant's motion to dismiss. *See Peters*, 255 N.C. App. at 387, 804 S.E.2d at 815 (citing N.C. Gen. Stat. § 14-223).

## 2. *Resisting, Delaying, or Obstructing*

¶ 28 Defendant next asserts the trial court erred in denying his motion to dismiss the charge of resisting, delaying, or obstructing a public officer because the actions by Defendant did not rise beyond mere criticism.

¶ 29 Defendant wrongfully relies upon case law attempting to attribute Defendant's breach of the peace and harassing and threatening conduct with that of mere questioning or criticism. *See State v. Leigh*, 278 N.C. 243, 251, 179 S.E.2d 708, 713 (1971); *State v. Humphreys*, 275 N.C. App. 788, 789, 853 S.E.2d 789, 791 (2020). Defendant argues his actions merely apprised the officers of his constitutional rights. *See Leigh*, 278 N.C. at 251, 179 S.E.2d at 713 (explaining that "criticizing or

questioning an officer while he is performing his duty, when done in an orderly manner, does not amount to obstructing or delaying an officer"). We disagree.

¶ 30 Defendant has no right to breach the peace on private or public property or to harass others to constitutionally "express himself." Also, Defendant's harassing customers, arguing with employees, and spilling flammable fuel on private property are independent grounds for other potential charges and crimes to warrant the officers' request for identification.

¶ 31 A defendant commits the offense of resisting, delaying, or obstructing a public officer by "willfully and unlawfully resist[ing], delay[ing] or obstruct[ing] a public officer in discharging or attempting to discharge a duty of his office[.]" N.C. Gen. Stat. § 14–223. This Court has previously held the failure by an individual to provide personal identifying information during a lawful stop constitutes resistance, delay, or obstruction within the meaning of N.C. Gen. Stat. § 14-223. *See State v. Friend*, 237 N.C. App. 490, 493, 768 S.E.2d 146, 148 (2014).

¶ 32 Actions or even language which cause delays or obstruction in an officer's investigation can constitute this offense. *See Leigh*, 278 N.C. at 249, 179 S.E.2d at 711. Defendant was not a mere bystander present in a public place, but rather an identified subject of the complaint that initiated the dispatch call and the reason for the investigation.

¶ 33        Defendant's actions prevented and obstructed Officer Cruse from conducting a proper and prompt investigation into the alleged disturbance. Defendant refused to provide verifiable identification and delayed the officers' ability to promptly investigate and resolve the call. While Defendant did in fact attempt to give Officers Cruse and Fuquay a card with purported information, that was not immediately verifiable as accurate. The officers were unable to ensure accurate information was presented to investigate the disturbance dispatch, close out the call, and complete their report.

¶ 34        Together with the totality of all the evidence, Defendant's refusal to provide verifiable identification to law enforcement is for a jury to decide whether his conduct amounted to resisting, delaying, or obstructing the officers. N.C. Gen. Stat. § 14-223; *see State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980) (stating "contradictions and discrepancies of fact are for the jury to resolve and do not warrant dismissal"). Defendant's conduct and refusals tend to show the investigation was obstructed or delayed the release of other witnesses as Officer Cruse was unable to conduct a lawful investigation and complete the call. *Id.*

¶ 35        As noted, Officer Cruse arrived in uniform, identified himself, and was properly investigating and lawfully conducting a complaint of Defendant's actions breaching the peace on private property, by threatening and harassing others. By refusing to identify himself and cooperate with Officer Cruse's investigation,

sufficient evidence of this element was presented tending to show and for the jury to find Defendant resisted, delayed, or obstructed the officer in discharging or attempting to discharge a duty of his office to survive Defendant's motion to dismiss. *See Peters*, 255 N.C. App. at 387, 804 S.E.2d at 815 (citing N.C. Gen. Stat. § 14-223). Viewing the evidence in the light most favorable to the State, substantial evidence supports the fourth element that Defendant resisted, delayed, or obstructed the officer in discharging or attempting to discharge a duty of his office to overcome a motion to dismiss. *Id.* Defendant's argument is without merit.

### 3. *Willful and Unlawful Conduct*

Defendant asserts the trial court erred in denying his motion to dismiss the charge of resisting, delaying, or obstructing a public officer because his actions were justified and not willful. "Willful" is defined as "the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law." *State v. Brackett*, 306 N.C. 138, 142, 291 S.E.2d 660, 662 (1982) (internal citation omitted).

As noted, Officer Cruse was properly dispatched to and was investigating a disturbance call, wherein Defendant was identified as the suspect, and he lawfully conducted a brief detention to identify Defendant. "Those [communications] intended to hinder or prevent an officer from carrying out his duty admittedly are discouraged

by [N.C. Gen. Stat. §14-223].” *State v. Singletary*, 73 N.C. App. 612, 615, 327 S.E.2d 11, 13 (1985) (citation omitted).

¶ 38        Again, Defendant wrongfully rests his arguments on the detention being unlawful, as well as offering the card to justify his belligerency, conduct, and failure to provide verifiable identification.  Defendant correctly points out the Court in *Friend* does not require a government-issued identification, although officers may require defendants to present verifiable identification. *Friend*, 237 N.C. App. at 493, 768 S.E.2d at 148.

¶ 39        As the State correctly argues, Defendant’s card did not provide a legal name, photo, date of birth, address, or any other identifying information, other than initials and a last name.  Defendant’s vehicle also displayed out-of-state license plates preventing officers from immediately verifying identity and ownership, until his out-of-state driver’s license was retrieved from inside the vehicle.

¶ 40        The State’s evidence also tends to show Defendant was the identified subject of the investigation, was observed harassing others, spewing profanities and verbal bile, spilling gasoline on private property, and being uncooperative by refusing to offer information to delay and prolong the officers’ investigation. *Singletary*, 73 N.C. App. at 615, 327 S.E.2d at 13.  Defendant was the subject of the investigation and not a mere bystander in a public place.  Defendant argues nothing to grant a pre-emptive dismissal based on any justification or lack of willfulness.

¶ 41     Viewing the evidence in the light most favorable to the State, substantial evidence tends to show the fifth element that Defendant acted willfully and unlawfully and was intentional and without justification or excuse to overcome Defendant's motion to dismiss. *See Peters*, 255 N.C. App. at 387, 804 S.E.2d at 815 (citing N.C. Gen. Stat. § 14-223).

¶ 42     Officer Cruse reasonably believed Defendant was the subject of the complaint, properly conducted an investigatory detention, and lawfully requested Defendant's verifiable identification to conduct and complete an investigation. Substantial evidence was presented of each essential element of the offense charged, and of Defendant being the perpetrator of such offense. *Id.* The trial court did not err by denying Defendant's motion to dismiss. His argument is without merit and overruled.

## V.     Waiver of Counsel

¶ 43     Defendant argues the trial court erred when it allowed Defendant to waive counsel and represent himself in superior court after Defendant signed a waiver of counsel in district court.

### A.  Standard of Review

This court reviews the sufficiency of a trial court's statutory inquiry concerning a defendant's waiver of his rights to counsel *de novo. State v. Watlington,* 216 N.C. App. 388, 393-94, 716 S.E.2d 671, 675 (2011) (citations omitted).

## B. Analysis

Both the Constitution of the United States and the North Carolina Constitution recognize criminal defendants have a right to assistance of counsel. U.S. Const. Amend. VI; N.C. Const. Art. I, §§ 19, 23; *see also State v. Montgomery*, 138 N.C. App. 521, 524, 530 S.E.2d 66, 68 (2000). Defendants also have the right to waive counsel, represent themselves, and handle their case without assistance of counsel. *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972).

Before a defendant is allowed to waive the right to counsel, a trial court must conduct a statutorily-required colloquy to determine that "constitutional and statutory standards are satisfied." *State v. Moore*, 362 N.C. 319, 322, 661 S.E.2d 722, 724 (2008). Courts "must determine whether the defendant knowingly, intelligently and voluntarily waives the right to in-court representation by counsel." *Id*.

The procedure to waive counsel is codified in N.C. Gen. Stat. § 15A-1242 (2021). Courts may only enter an order to allow defendants to waive their right to counsel after being satisfied the movant: (1) has been clearly advised of his rights to the assistance of counsel, including his right to the assignment of appointed counsel when he is so entitled; (2) understands and appreciates the consequences of this decision;

and, (3) comprehends the nature of the charges and proceedings and the range of permissible punishments. *Id.*

¶ 48     The record indicates Defendant executed a written disclosure and waiver of counsel on 3 October 2020 in open court during district court proceedings. Written waivers of counsel, certified by the trial court, create a rebuttable presumption that the waiver was executed knowingly, intelligently, and voluntarily pursuant to N.C. Gen. Stat. § 15A-1242; *State v. Kinlock*, 152 N.C. App. 84, 89, 566 S.E.2d 738, 741 (2002), *aff'd per curiam*, 357 N.C. 48, 577 S.E.2d 620 (2003). Once a written waiver of counsel is executed and certified by the trial court, subsequent waivers or inquiries are not necessary before further proceedings. *State v. Watson*, 21 N.C. App. 374, 378, 204 S.E.2d 537, 540 (1974).

¶ 49     Once the initial waiver of counsel was executed, it was not necessary for successive written waivers to be executed, nor for additional inquiries to be made by the district or superior court pursuant to N.C. Gen. Stat. § 15A-1242. The record on appeal contains no transcript of the proceedings challenging or surrounding the October 2020 waiver. The only evidence in the record before this Court regarding the waiver is the signed waiver and certification made by the district court judge that a proper inquiry and disclosure was made in compliance with N.C. Gen. Stat. § 15A-1242.

¶ 50        An executed waiver creates a "rebuttable presumption" of sufficiency and the record provides no grounds for rebuttal. The record indicates Defendant executed multiple waivers attesting he understood his rights, "voluntarily, knowingly and intelligently" elected to waive counsel and no evidence *contra* exists the initial waiver was statutorily or constitutionally insufficient. The trial court did not err when it allowed Defendant to waive counsel and represent himself in subsequent proceedings. N.C. Gen. Stat. § 15A-1242.

¶ 51        Any asserted inadequacy in a court's further inquiry into Defendant's waiver is immaterial, provided the original waiver was compliant with the statute and was certified by the trial court. Any successive inquiry beyond the original waiver would serve only to determine whether Defendant desired to withdraw his waiver. The record is devoid of any objection, request to withdraw the waiver, or a request for counsel. Defendant failed to show the initial disclosure and waiver he executed and, which was certified in district court, failed to satisfy the statute. N.C. Gen. Stat. § 15A-1242 (2021). We find no prejudicial or reversible error. Defendant's argument is overruled.

## VI.  Jury Instruction on Justification or Excuse

¶ 52        Defendant argues the trial court erred by failing to instruct the jury on justification or excuse for the charge of resisting, delaying, or obstructing a public

officer. N.C. Gen. Stat. § 14-223 (2021).

## A. Standard of Review

¶ 53      Trial courts have a duty to instruct the jury on all substantial features of the case arising from the evidence and "must properly instruct the jury as to all essential elements of the offense charged." *State v. Hairr*, 244 N.C. 506, 509, 94 S.E. 2d 472, 474 (1956). Errors in jury instructions are "preserved for appellate review, even without objection, 'when the trial court deviates from an agreed-upon pattern instruction.'" *State v. Clagon*, 279 N.C. App. 425, 432, 865 S.E.2d 343, 348 (2021) (internal citation omitted).

## B. Analysis

¶ 54      Defendant failed to object to jury instruction at trial both during the charge conference and when asked by the trial court following the delivery of instruction to the jury. No evidence in the record indicates Defendant objected to the jury instructions agreed upon at the charge conference. After delivering the instructions to the jury, the trial court held the following colloquy with the parties:

> THE COURT: Before sending the verdict sheets to the jury and allowing them to begin their deliberations, I will hear at this time any objections or corrections to the Court's charge to the jury. First from the State?
>
> STATE: No, sir.
>
> THE COURT: From the Defendant?
>
> DEFENDANT: No, sir.

¶ 55          Defendant's failure to request, to object prior to or after the instructions were given to the jury, along with his express agreement after the instructions were given to the jury, constitutes invited error.  Defendant's invited error waived any "right to all appellate review concerning the invited error, including plain error review." *State v. Barber*, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001) (citation omitted).

¶ 56          We find instructive and precedential our Supreme Court's determination in S*tate v. White*, 349 N.C. 535, 508 S.E.2d 253 (1998).  The Court examined defense counsel's involvement in jury instructions in a capital murder-death penalty case. *Id.* The Court held: "Counsel . . . did not object when given the opportunity either at the charge conference or after the charge had been given.  In fact, defense counsel affirmatively approved the instructions during the charge conference.  Where a defendant tells the trial court that he has no objection to an instruction, he will not be heard to complain on appeal." *Id.* at 570, 508 S.E.2d at 275 (citation omitted).

¶ 57          The record shows the jury instructions: (1) were agreed upon at the charge conference; (2) were not objected to at the charge conference; (3) were not objected to when provided to the jury; or, (4) when Defendant was given a further opportunity to object by the trial court before the jury retired.  No deviations from the agreed-upon jury instructions were made by the trial court.  By failing to object at trial and expressly agreeing to the jury instructions as given, Defendant waived any right to

appeal this issue. Defendant's argument is barred as invited error. *Id.* Defendant's argument is dismissed.

## VII.    Conclusion

¶ 58        Upon *de novo* review, the trial court did not err in denying Defendant's motion to dismiss. Substantial evidence of each essential element of the charged offense of resisting, delaying, or obstructing a police officer, and of Defendant being the perpetrator of such offense, was presented to submit the charge to the jury. Officer Cruse was lawfully discharging his duties in responding to a breach of the peace and disturbance call and was within his rights to require Defendant, the identified subject, to provide verifiable identification.

¶ 59        With the totality of the circumstances and evidence introduced and admitted, Defendant's failure to provide the requested identification was sufficient to submit the charge and evidence to the jury for their consideration and resolution.

¶ 60        Defendant was apprised of his rights to counsel and expressly waived his right to assistance of counsel during district court proceedings. Defendant's waiver was certified by the trial court and sufficient to waive his right to counsel in further proceedings. Nothing in the record indicates the court failed to statutorily comply with apprising Defendant of his rights prior to Defendant waiving counsel in district

court. The superior court was not required to further apprise Defendant of his right to counsel and to undertake another statutory colloquy without request or objection.

¶ 61        Defendant invited any purported error by failing to object to the agreed-upon jury instructions at the charge conference or during and after delivery to the jury. No evidence suggests any deviation from the agreed-upon instructions.

¶ 62        Defendant received a fair trial, free from prejudicial errors he preserved or argued. We find no error in the jury's verdict or in the judgment entered thereon. *It is so ordered.*

NO ERROR

Judge GORE concurs

Judge INMAN concurs in the result.