An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-301

Filed 19 November 2025

Haywood County, Nos. 21CR050407-430, 21CR050408-430, 21CR050409-430, 21CR050411-430

STATE OF NORTH CAROLINA

v.

CHAD RAY LEQUIRE

Appeal by defendant from judgment entered 30 August 2024 by Judge Bradley B. Letts in Haywood County Superior Court. Heard in the Court of Appeals 30 October 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Grace R. Linthicum, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David Hallen, for the defendant-appellant.*

> *Richard Croutharmel, for the defendant-appellant.*

TYSON, Judge.

Chad Ray Lequire ("Defendant") appeals from judgments entered on a jury's verdicts finding him guilty of two counts of trafficking in opium/heroin; two counts of trafficking in methamphetamine; one count of conspiracy to traffic in

methamphetamine; and, one count of resisting, delaying, or obstructing a public officer in the performance of his duties. Our review discerns no error.

## I. Background

Haywood County Sheriff's Deputy Hayden Green ("Officer Green") and Deputy Josh Watts ("Officer Watts") initiated a traffic stop of a red square-body Ford truck driven by Crystal Bell ("Bell") on 9 February 2019. The officers had received information from other officers asserting the truck likely contained illegal narcotics. Defendant, a Swain County resident, was the registered owner of the truck and a passenger.

Sheriff's Detectives Micah Phillips ("Detective Phillips") and Michael Reagan ("Detective Reagan") had received a confidential-informant's reliable tip, asserting the red Ford truck Bell was driving contained illegal drugs concealed inside of a Rockstar energy-drink can and an unknown male passenger was also inside the truck. Dressed in civilian clothes and driving an unmarked vehicle, the detectives asked Officer Green to conduct a traffic stop.

Officer Green observed purported illegal window and brake-light tinting, and he observed the right two tires cross the fog line as he followed behind the truck. The driver of the red Ford truck took an unusually long time to stop, and during which the driver appeared to be "stuffing something." Upon stopping the truck, Officer Green called for backup support.

Officer Green approached the driver's side of the vehicle, while Officer Watts,

Detective Phillips, and Detective Reagan approached on the passenger's side. Officer Green and Detective Phillips saw Defendant pick up a white Rockstar energy drink can placed between Bell and Defendant. Both officers recognized it as a "hide-a-can."

Detective Phillips observed a pill bottle located inside the hide-a-can. When Detective Phillips asked for the can, Defendant attempted to shove it behind his back rather than complying. A struggle ensued, and Defendant was arrested for resisting a public officer. Bell, the driver, was also detained.

After Defendant was secured, Detective Phillips seized the hide-a-can and removed its contents. A search incident to arrest revealed a syringe and two pipes present on Defendant's person. Officers also found additional narcotics, drug paraphernalia, and cash on Bell's person and located inside of the truck. The Rockstar energy drink hide-a-can contained more than 14 grams of fentanyl and more than 28 grams of methamphetamine.

At trial, defense counsel had argued during opening statements Officer Green knew Bell and her drug history, but he was unfamiliar with Defendant. On cross-examination, defense counsel asked whether Officer Green knew Defendant. Officer Green said he had "encountered him in law enforcement before." The State asserted defense counsel had "opened the door" to prior-encounter evidence. After a *voir dire* hearing and arguments, the court ruled the State could elicit limited testimony on redirect confined to whether the prior encounter was legal or social and who was present. Officer Green then testified the prior encounter was a 2020 traffic stop also

involving Defendant and Bell.

Detective Reagan corroborated Detective Phillips's testimony. Detective Phillips said the informant had reported the unknown male in the red truck would have and possess the drugs. Detective Reagan testified the informant had asserted both Bell and Defendant would be in possession of a large quantity of legal drugs. Based upon this discrepancy in testimony, Defendant moved for a mistrial, alleging Detective Phillips had committed perjury and lied under oath. The court denied the motion and gave a limiting instruction to the jury to consider the informant's statements being admitted as only to explain the police officers' conduct.

After the State rested its case, Defendant moved to dismiss all charges. The court dismissed the maintaining-a-vehicle charge, but it denied the motion to dismiss the remaining charges. The jury's verdicts found Defendant guilty on all the remaining charges.

Defendant was sentenced as a prior record level II offender with 7 prior record level points. Defendant's two counts of trafficking heroin/opium were consolidated for judgment, and he was sentenced to an active term of 90 to 120 months. Defendant's convictions of two counts of trafficking in methamphetamine were consolidated for judgment, and he was sentenced to an active term of 70 to 93 months, to run concurrently with his sentence for trafficking heroin/opium.

Defendant's convictions for conspiracy to traffic opium/heroin and conspiracy to traffic methamphetamine were consolidated for judgment, and he was sentenced

to an active term of 90 to 120 months, to run consecutively to his judgment and sentence for trafficking heroin/opium. Defendant was sentenced, to as a misdemeanor prior record level III with 10 prior record level points, to 60 days for the resisting, delaying, or obstructing a public officer conviction, to run concurrently with his conspiracy judgment and sentence. Defendant appeals.

## II. Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 15A-1444(a) (2023).

## III. Issues

Defendant contends: (1) his constitutional right to counsel were violated and he received ineffective assistance of counsel when his counsel "opened the door" on cross-examination to otherwise inadmissible prior-encounter evidence; and, (2) the trial court erred in denying his motion to dismiss the charge of resisting, delaying, or obstructing a public officer and argues he had no duty to hand Detective Phillips a can from inside the vehicle.

## IV. Ineffective Assistance of Counsel

### A. Standard of Review

"It is well established . . . ineffective assistance of counsel claims 'brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an

evidentiary hearing.'" *State v. Thompson*, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (quoting *State v. Fair*, 354 N.C. 131, 166, 577 S.E.2d 500, 524 (2001)), *cert. denied*, 546 U.S. 830, 163 L. Ed. 2d 80 (2005). When this Court reviews "ineffective assistance of counsel claims on appeal and determines . . . they have been brought prematurely, we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court." *Id.* at 123, 604 S.E.2d at 881 (citation omitted).

"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006). "Deficient performance may be established by showing . . . counsel's representation fell below an objective standard of reasonableness." *Id.* (citation and quotation marks omitted). "[T]o establish prejudice, a defendant must show . . . there is a reasonable probability . . ., but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citation omitted).

"Decisions concerning which defenses to pursue are matters of trial strategy and are not generally second-guessed by this Court." *State v. Prevatte*, 356 N.C. 178, 236, 570 S.E.2d 440, 472 (2002), *cert. denied,* 538 U.S. 986, 155 L. Ed. 2d 681 (2003) (citation omitted).

## B. Analysis

To prevail on an ineffective assistance of counsel claim, a defendant must generally satisfy the two-prong test set forth in *Strickland v. Washington*: "[f]irst, the defendant must show . . . counsel's performance was deficient . . . [which] requires showing . . . counsel made errors so serious that counsel was not functioning as the 'counsel' [as] guaranteed the defendant by the Sixth Amendment, . . . [and] [s]econd, the defendant must show . . . the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

The Sixth Amendment does not guarantee the right to perfect counsel but promises only the right to effective assistance of counsel. An attorney's violation of ethical norms does not make the lawyer *per se* ineffective. *Burt v. Titlow*, 571 U.S. 12, 187 L. Ed. 2d 348 (2013). Even if counsel's conduct was far from exemplary, a court still may not grant relief on a claim of ineffective assistance of counsel, if the record does not reveal counsel took an approach that no competent lawyer would have chosen. *See Dunn v. Reeves*, 594 U.S. 731, 210 L. Ed. 2d 812 (2021).

Defendant alleges his defense counsel "opened the door" when he asked Officer Green whether he had previously encountered Defendant, after defense counsel's opening statement asserted Defendant was unknown to Haywood County law enforcement officers. "Opening the door refers to the principle that where one party introduces evidence of a particular fact, the opposing party is entitled to introduce

evidence in explanation or rebuttal thereof, even though the rebuttal evidence would be incompetent or irrelevant had it been offered initially." *State v. Baymon*, 336 N.C. 748, 752-53, 446 S.E.2d 1, 3 (1994).

Here, Defendant's counsel had stated once Defendant was unknown to law enforcement officers in Haywood County. If Defendant did not recall meeting law enforcement in Haywood County and did not have a criminal record stemming from Haywood County, it would be impossible for Defendant's counsel to have known otherwise. This error would be the fault of Defendant's lapse in memory or his failure to inform counsel, not an error committed by his counsel. Defendant's counsel's belief and assertion his client was unknown to Haywood County law enforcement officers is neither unreasonable nor constituted ineffective assistance of counsel.

Regardless of whether Defendant counsel's question to Officer Green, opened the door by asking if he had previously encountered Defendant, evidence surrounding Defendant's past meetings with Haywood County officers tends to show Defendant was working in concert with Bell to traffic illegal substances.

Considering: (1) Defendant's ownership of the truck being driven; (2) his prior relationship to Bell; (3) his actions at the time of the traffic stop attempting to conceal the narcotics; and, (4) the officers' recognition of the hide-a-can in the truck, the jury could find him guilty of his charges despite his prior interactions with the Haywood County officers. The overwhelming evidence tends to show Defendant was working in concert with Bell based on Defendant's actions, regardless of his prior encounters

with the Haywood County officers.

Defendant has failed to show he was prejudiced by his counsel's purportedly deficient representation. Defendant's contention he was provided with ineffective assistance of counsel is without merit and overruled.

## V. Motion to Dismiss

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78- 79, 265 S.E.2d 164, 169 (1980).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

Our Supreme Court has held:

> Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (citation and quotation marks omitted).

## B. Analysis

A defendant is guilty of resisting, delaying, or obstructing a public officer when: (1) the victim is a public officer; (2) defendant knew or had reasonable grounds to believe the victim is a public officer; (3) the officer was lawfully discharging or attempting to discharge a duty of his office; (4) defendant resisted, delayed, or obstructed the officer in performing that duty; and, (5) defendant acted intentionally willful and unlawful without justification or excuse. *State v. Harper*, 285 N.C. App. 507, 511, 877 S.E.2d 771, 776 (2022) (citing *State v. Peters*, 255 N.C. App. 382, 387, 804 S.E.2d 811, 815 (2017) (explaining the essential elements of N.C. Gen. Stat. § 14-223)). "Actions or even language which cause delays or obstruction in an officer's investigation can constitute [resistance, delay, or obstruction within the meaning of N.C. Gen. Stat. § 14-223]." *Id.* at 514, 877 S.E.2d at 778.

To succeed in a motion to dismiss, substantial evidence must tend to show the

officer was either not discharging or attempting to discharge his duties or was doing so unlawfully. *Id.* at 511, 877 S.E.2d at 777. This motion requires the State to show the officer reasonably believed some criminal activity may be occurring. *Id.*

The duty Detective Phillips was discharging was assisting Officer Green in the traffic stop and investigation. The red Ford truck was lawfully stopped pursuant to the Fourth Amendment of the Constitution of United States after Officer Green observed the vehicle's purported illegal window and brake light tints and the driver illegally swerved over the fog line.

Intelligence had also been gathered prior to the traffic stop indicating the driver, Bell, had a suspended license, was a known drug trafficker, and likely had illegal narcotics inside of the vehicle. At least one confidential informant had indicated the vehicle had a hide-a-can inside concealing illegal narcotics. The officers possessed reasonable suspicion to conduct a traffic stop of Defendant's truck.

Although Detective Phillips was undercover in plain clothing at the time of the traffic stop, Officer Greene was in uniform and was already in the process of conducting the traffic stop when Detective Phillips arrived at the passenger side window. Considering the ensuing circumstances, it would be unreasonable for Defendant to claim he presumed he was being approached by a group of civilians at the exact time the vehicle was subject to a lawful traffic stop and was being approached simultaneously by a uniformed law enforcement officer. Defendant seemed to acknowledge Detective Phillips' identity as a law enforcement officer when

he attempted to conceal the hide-a-can of narcotics after the officer's demand to surrender it.

Detective Phillips recognized the hide-a-can and based upon their knowledge, experience, and gathered intelligence, he reasonably believed the can housed illegal narcotics. Detective Phillips testified he was able to see a pill bottle being concealed inside the hide-a-can. Knowing the hide-a-can is commonly used to conceal illegal narcotics, it was near a known drug trafficker, and prior informant intelligence had informed law enforcement officers and asserted illegal narcotics were, in fact, concealed in the hide-a-can together amounted to probable cause to conduct a warrantless search of the hide-a-can and vehicle. Detective Phillips' request for the hide-a-can was both lawful and in furtherance of his investigation.

The record establishes Detective Phillips was lawfully assisting Officer Green during a valid traffic stop, which was supported by reasonable suspicion and corroborated by prior intelligence. Defendant's attempt to conceal the hide-a-can in the presence of both a uniformed officer and an undercover detective confirmed his recognition of law enforcement's authority and constituted resistance within the meaning of N.C. Gen. Stat. § 14-223. *Harper*, 285 N.C. App. at 511, 877 S.E.2d at 776. Because Detective Phillips' request for the can was a lawful exercise of his investigatory duties, and substantial evidence tends to show Defendant willfully obstructed those duties, the trial court properly denied Defendant's motion to dismiss the charge of resisting, delaying, or obstructing a public officer and submitted it to

the jury.

## VI.    Conclusion

Defendant has failed to show he received ineffective assistance of counsel.  The trial court did not err in denying Defendant's motion to dismiss the charge of resist, delay, or obstruct a public officer.  Defendant received a fair trial free from prejudicial errors he preserved and argued.  We discern no error in the jury's verdicts or in the judgments entered thereon.  *It is so ordered.*

NO ERROR.

Judges WOOD and FREEMAN concur.

Report per Rule 30(e).